Carolyn Hunt Cottrell (SBN 166977)
Nicole N. Coon (SBN 286283)
Keenan L. Klein (SBN 288011)
David C. Leimbach (SBN 265409)
SCHNEIDER WALLACE
COTTRELL KONECKY
WOTKYNS LLP
2000 Powell Street, Suite 1400
Emeryville, California 94608
Telephone: (415) 421-7100
Facsimile: (415) 421-7105

Attorneys for Plaintiff and the Putative Class and Collective

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

HAROLD JONES, individually and on behalf of all others similarly situated,

    Plaintiff,

vs.

CERTIFIEDSAFETY, INC.,,

    Defendants.

Case No. _____

**CLASS AND COLLECTIVE ACTION COMPLAINT**

**(1) Violations of the Fair Labor Standards Act (29 U.S.C. §§ 201 *et seq.*)**
**(2) Failure to Pay for All Hours Worked (Cal. Labor Code § 204);**
**(3) Failure to Pay Minimum Wage & Liquidated Damages (Labor Code §§ 1182.11, 1182.12, 1194,1197, and 1197.1)**
**(4) Failure to Pay Overtime Wages (Cal. Labor Code § 510);**
**(5) Failure to Authorize and Permit and/or Make Available Meal and Rest Periods (Cal. Labor Code §§ 226.7 and 512);**
**(6) Failure to Reimburse for Necessary Business Expenditures (Cal. Labor Code § 2802);**
**(7) Failure to Provide Timely and Accurate Itemized Wage Statements (Cal. Labor Code § 226);**
**(8) Waiting Time Penalties (Cal. Labor Code §§ 201-203);**
**(9) Unlawful Business Practices (Cal. Bus. & Prof. Code §§ 17200 *et seq.*);**
**(10)  Penalties Pursuant to § 2699(a) of the Cal. Private Attorneys General Act; and**
**(11)  Penalties Pursuant to § 2699(f) of the Cal. Private Attorneys General Act**

**DEMAND FOR JURY TRIAL**

# CLASS AND COLLECTIVE ACTION COMPLAINT

Plaintiff Harold Jones, on behalf of himself and all others similarly situated ("Plaintiff"), complains and alleges as follows:

## INTRODUCTION

1. Plaintiff brings this class and collective action on behalf of himself and other similarly situated individuals who have worked for CertifiedSafety, Inc. ("CertifiedSafety" or "Defendant") as non-exempt, hourly employees, including but not limited to Safety Attendants, to challenge CertifiedSafety's violations of the Fair Labor Standards Act, 29 U.S.C. §§ 201, *et seq.* ("FLSA") and California wage and hour laws.

2. This is a class action against CertifiedSafety to challenge its policies and practices of: (1) failing to compensate Plaintiff and putative Class and Collective members for all hours worked; (2) failing to pay Plaintiff and putative Class and Collective members minimum wage for all hours worked; (3) failing to pay Plaintiff and putative Class and Collective members overtime and double time wages; (4) failing to authorize and permit Plaintiff and the putative Class members to take meal and rest breaks to which they are entitled by law and pay premium compensation for missed breaks; (5) failing to reimburse Plaintiff and putative Class and Collective members for necessary business expenditures; (6) failing to provide Plaintiff and putative Class members accurate itemized wage statements; and (7) failing to timely pay Plaintiff and putative Class members wages upon the termination of employment.

3. Plaintiff and members of the putative Class and Collective are current and former employees who worked for CertifiedSafety as non-exempt hourly employees throughout the United States, including in California. These employees provide support for drilling operations of Defendant's clients. Among other tasks, Plaintiff and putative Class and Collective members are responsible for identifying, mitigating, and reporting potential safety hazards at drilling sites operated by CertifiedSafety's clients.

4. Plaintiff and putative Class and Collective members work long hours. For example, Plaintiff is regularly scheduled to work twelve hour shifts for seven or more consecutive days.

Plaintiff and putative Class members are also regularly required to travel to work locations, often far from home and out of state, without adequate reimbursement. Plaintiff and the putative Class and Collective are not paid minimum wage for all hours worked, overtime rates or double time rates, as appropriate, for all hours worked above eight per day and forty per week. In spite of their long shifts, Plaintiff and putative Class and Collective members are also routinely denied meal and rest periods.

5.      Plaintiff and putative Class and Collective members do not receive accurate, itemized wage statements reflecting the hours they actually work and the amount of wages and overtime to which they are entitled and for which they should be compensated. Nor are Plaintiff and putative Class and Collective members paid all amounts owed following voluntary or involuntary termination of employment.

6.      Plaintiff and putative Class and Collective members must also pay work expenses out of pocket, without adequate reimbursement. For example, Plaintiff and the putative Class and Collective are not reimbursed for tools and protective gear necessary to safely complete their jobs. While Plaintiff and putative Class and Collective members may receive a per diem to mitigate the cost of lodging and other work related expenses when working at drilling sites far from home, the amount allocated is regularly insufficient to cover all these expenses.

7.      As a result of these violations, Plaintiff seeks compensation, damages, penalties, and interest to the full extent permitted by the FLSA, the California Labor Code, and Industrial Welfare Commission ("IWC") Wage Orders.

8.      CertifiedSafety is also liable for various other penalties under the Labor Code, and for violation the Unfair Competition Law, Business and Professions Code §§ 17200 *et seq.* ("UCL").

9.      Plaintiff seeks full compensation on behalf of himself and all others similarly situated for all unpaid wages, including overtime and double time, all denied meal and rest periods, unreimbursed business expenses, inaccurate wage statement penalties, waiting time penalties, and penalties under the Labor Code Private Attorneys General Act of 2004 ("PAGA").

10. Plaintiff also seeks declaratory, equitable, and injunctive relief, including restitution.

11. Finally, Plaintiff seeks reasonable attorneys' fees and costs under the FLSA, the Labor Code, and California Code of Civil Procedure § 1021.5.

## **PARTIES**

12. Plaintiff and the putative Class and Collective members are current and former hourly, non-exempt employees who work for CertifiedSafety as Safety Attendants, among other positions, throughout the United States including in California.

13. Plaintiff Jones is an individual over the age of eighteen, and at all times mentioned in this Complaint was a resident of the State of California.

14. Plaintiff Jones has been employed by CertifiedSafety as a Safety Attendant from 2011 to the present. Plaintiff Jones has worked for CertifiedSafety in, among other places, Benicia and Rodeo, California as well as Idaho, Illinois, Minnesota, Utah, Washington, and Wyoming.

15. Plaintiff is informed, believes, and alleges that CertifiedSafety is an American company that provides skilled safety personnel to clients operating oil drilling platforms. CertifiedSafety provides services to clients with oil drilling platforms throughout California and throughout the United States. CertifiedSafety maintains its headquarters in League City, Texas, and does business throughout California. Plaintiff is further informed, believes, and thereon alleges that CertifiedSafety employs hourly, non-exempt employees throughout the United States, including in California.

16. At all relevant times, CertifiedSafety has done business under the laws of the United States, including California, including in this judicial district, and has employed Class and Collective members in this judicial district. At all relevant times, CertifiedSafety has been Plaintiff's "employer" within the meaning of the FLSA and California law.

## JURISDICTION AND VENUE

17.     This Court has federal question jurisdiction over this action pursuant to 28 U.S.C. §
1331.  This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28
U.S.C. § 1367 and Section 16(b) of the FLSA, 29 U.S.C. § 216(b).

18.     Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391.  A substantial
part of the events or omissions giving rise to Plaintiff's claims occurred in this judicial district.

## FACTUAL ALLEGATIONS

19.     CertifiedSafety serves the oil drilling industry by providing clients with skilled
personnel who specialize in planning, implementing, and executing safety protocols for drilling
operations.  CertifiedSafety provides services throughout the United States, including in
California.

20.     To conduct its operations, CertifiedSafety maintains a corporate structure in which
there are various groups that handle specific subsets of tasks within the company.  The groups
and departments are largely staffed by hourly, non-exempt employees that handle a variety of
tasks.  This operation structure is uniform and standardized throughout CertifiedSafety's
operations.  The employment conditions for the non-exempt, hourly employees are substantially
similar, if not identical, at CertifiedSafety work locations throughout United States, including in
California.

21.     Plaintiff has worked for CertifiedSafety as a Safety Attendant from 2011 to the
present.  Plaintiff's primary duties include, but are not limited to: monitoring and recording air
pressure to ensure that oxygen levels are safe for other workers at the drilling site; cleaning and
organizing the drilling site; monitoring and recording the amount of employees entering and
exiting the work site; and supervising hot work to prevent combustion near drilling sites.

22.     Plaintiff is classified as an hourly, non-exempt employee and is paid an hourly rate
for his services.  Plaintiff works at various work sites operated by clients of CertifiedSafety in
California as well as throughout the United States, including but not limited to Idaho, Illinois,
Minnesota, Utah, Washington, and Wyoming.

CLASS AND COLLECTIVE ACTION COMPLAINT AND DEMAND FOR JURY TRIAL
*Harold Jones, et al. v. CertifiedSafety, Inc., et al.*

23.     CertifiedSafety dispatches Safety Attendants to various client locations throughout the United States, including in California.  For each assignment, CertifiedSafety determines the hourly rate to be paid and the duration of the project.  CertifiedSafety often promises bonuses for work on holidays as well as overtime and double time for these projects.  However, these promises often go unfulfilled, and Safety Attendants do not receive all pay owed to them.  Moreover, CertifiedSafety regularly does not consider these bonuses when calculating the hourly rate, overtime rate, and double time rate for Plaintiff and putative Class and Collective members.  The system CertifiedSafety has in place to pay Plaintiff and other non-exempt, hourly employees bonuses does not address this wage deficiency and only further exacerbates the inadequate wages they earn and are owed under the law because such bonuses are not included in the calculation of their regular rate and fail to account for overtime and premium pay owing to such employees.

24.     Plaintiff and Class and Collective members are typically scheduled to work twelve hour shifts.  Additionally, because CertifiedSafety expects employees to stay on-site until the job is complete, Plaintiff and putative Class and Collective members regularly work seven or more consecutive days.  Despite this demanding work schedule, Plaintiff and putative Class and Collective members are often denied compensation for all hours worked, including overtime for work in excess of eight hours per day and forty hours per week.  Plaintiff and putative Class and Collective members are also routinely denied double time for work over twelve hours in one day and over eight hours on the seventh consecutive day of work.

25.     CertifiedSafety also requires Plaintiff and putative Class and Collective members to perform substantial work off-the-clock and without compensation.  CertifiedSafety requires Plaintiff and putative Class and Collective members to clock in and out of work using a company-issued identification badge.  Employees are only compensated for time worked while clocked in.  However, CertifiedSafety instructs Safety Attendants to clock in only after they have donned personal protection equipment, which takes up to twenty minutes.  Similarly, CertifiedSafety requires employees to clock out before taking off their personal protection

equipment at the end of their shifts. As a result of these policies, Plaintiff and the putative Class and Collective members are not adequately compensated for all hours worked at their regular rate or at the applicable overtime rates.

26. CertifiedSafety does not require employees to clock out for lunch breaks. Instead, CertifiedSafety attributes thirty minutes per workday for an unpaid meal period, even when work is too demanding to allow Plaintiff to take a full, legally compliant thirty-minute meal period. Putative Class members, including Plaintiff, are also not provided with premium pay for these missed meal breaks.

27. When Plaintiff and putative Class and Collective members receive a meal break, these meal breaks are often less than thirty minutes. For example, CertifiedSafety often includes the time it takes to travel from the drilling site to the lunch location when allocating a thirty minute break to its employees. The time traveling to and from the lunch location can be up to fifteen minutes. CertifiedSafety includes this time as part of the lunch break, despite the fact that employees are not relieved of their work obligations until they have arrived at the lunch location. Furthermore, even when Plaintiff and putative Class and Collective members are provided with a thirty minute lunch break, supervisors often interrupt these meal breaks to discuss work-related topics. Putative Class members, including Plaintiff, are not provided with premium pay for these non-compliant meal breaks.

28. When Plaintiff and putative Class members work more than ten hours per day, a second meal period is regularly not made available to them. Putative Class members, including Plaintiff, are not provided with premium pay for these missed meal breaks.

29. Moreover, the pace of the work is too demanding to allow Plaintiff and putative Class members to regularly take full, timely, legally compliant rest breaks. Even when Plaintiff and putative Class members are provided with a rest break, supervisors often interrupt these breaks. Putative Class members, including Plaintiff, are not provided with premium pay for missed rest breaks.

30. Defendant is aware that non-exempt, hourly employees do not receive timely and

compliant meal and rest periods to which they are entitled and that it has, and continues, to deprive its hourly, non-exempt employees of compensation for all time worked. As a result of CertifiedSafety's policies, Plaintiff and putative Class and Collective members are denied minimum wage for all hours worked.

31. CertifiedSafety also routinely denies reimbursement for work-related travel costs to putative Class and Collective members, including Plaintiff. CertifiedSafety dispatches Safety Attendants to various client locations throughout the United States, including in California, typically with the expectation that they stay on-site for the duration of the project, which can be anywhere between a few weeks to several months. However, Plaintiff and putative Class and Collective members are required to pay for their own expenses when traveling to and from these work locations. CertifiedSafety often promises to reimburse Plaintiff for these travel expenses, but often fails to do so. Additionally, even when CertifiedSafety reimburses Plaintiff and Class members for these expenses, the amount reimbursed is often insufficient to cover the total cost of travel. Likewise, while Plaintiff and putative Class and Collective members may receive a per diem to mitigate the cost of lodging and other work related expenses when working at drilling sites far from home, the amount allocated is regularly insufficient to cover all these expenses.

32. CertifiedSafety also routinely attempts to have Plaintiff and putative Class and Collective members illegally waive their right to travel reimbursement.

33. CertifiedSafety requires putative Class and Collective members, including Plaintiff, to pay for other necessary work-related expenses. For example, Plaintiff and putative Class and Collective members are expected to provide some of their own personal protection equipment, including but not limited to boots, when working on drilling platforms. Plaintiff and putative Class and Collective members must also pay out-of-pocket expenses to wash personal protection equipment between shifts.

34. CertifiedSafety also does not provide putative Class members, including Plaintiff, accurate itemized wage statements as required by California law. The wage statements that they are provided are not accurate because they do not reflect the actual hours worked by Plaintiff and

putative Class members. The wage statements do not contain off-the-clock work and contain a reduction of pay for meal periods that are not taken. Further, the wage statements are inaccurate because they do not include minimum wage for all hours worked, premium pay for missed breaks, overtime, and double time for all hours worked.

35. CertifiedSafety often does not provide putative Class members with full payment of all wages owed at the end of employment. As these workers are owed for off-the-clock work, unpaid overtime, and premium pay when their employment ends, and these amounts remain unpaid under CertifiedSafety's policies and practices, CertifiedSafety fails to pay all wages due upon termination. As a consequence, CertifiedSafety is subject to waiting time penalties.

36. Plaintiff worked at several drilling sites in California and throughout the United States, including but not limited to in Idaho, Illinois, Minnesota, Utah, Washington, and Wyoming, and his experience with regards to hours worked, off-the-clock work, meal and rest breaks, and unreimbursed business expenses was similar in each instance.

37. Plaintiff is informed, believes, and thereon alleges that CertifiedSafety's policies and practices have at all relevant times been similar for non-exempt, hourly employees, regardless of the location within the United States, including in California.

38. CertifiedSafety's unlawful conduct has been widespread, repeated, and consistent throughout its work locations in the United States, including in California. CertifiedSafety knew or should have known that its policies and practices have been unlawful and unfair.

39. CertifiedSafety's conduct was willful, carried out in bad faith, and caused significant damages to non-exempt hourly employees in an amount to be determined at trial.

## COLLECTIVE ALLEGATIONS UNDER THE FLSA

40. Plaintiff re-alleges and incorporates the foregoing paragraphs as though fully set forth herein.

41. Plaintiff brings his FLSA claims as a collective action pursuant to 29 U.S.C. § 216(b) as to claims for failing to pay Plaintiff and Collective members for all hours worked, including minimum wage, wages at the agreed rate, and overtime compensation for all hours

worked over 40 hours per week, liquidated damages, and attorneys' fees and costs under the FLSA. The FLSA Collective that Plaintiff seeks to represent is defined as follows:

> All current and former hourly, non-exempt employees of CertifiedSafety, Inc. in the United States during the time period three years prior to the filing of this Complaint until the resolution of this action.

42. Plaintiff's claims for violations of the FLSA may be brought and maintained as an "opt-in" collective action pursuant to Section 216(b) of the FLSA because Plaintiff's FLSA claims are similar to the claims of the Collective members.

43. The Collective members are similarly situated, as they have substantially similar job duties and requirements and are subject to a common policy, practice, or plan that misclassifies them as exempt independent contractors, and thus requires them to perform work without compensation in violation of the FLSA.

44. Plaintiff is representative of the Collective members and is acting on behalf of their interests, as well as Plaintiff's own interests, in bringing this action.

45. Plaintiff will fairly and adequately represent and protect the interests of Collective members. Plaintiff has retained counsel competent and experienced in employment class action and collective action litigation.

46. The similarly situated Collective members are known to CertifiedSafety, are readily identifiable, and may be located through CertifiedSafety's records. These similarly situated employees may readily be notified of this action, and allowed to "opt-in" to this case pursuant to 29 U.S.C. § 216(b) for the purpose of collectively adjudicating their claims for unpaid wages, liquidated damages (or, alternatively, interest), and attorneys' fees and costs under the FLSA.

## CLASS ALLEGATIONS UNDER CALIFORNIA LAW

47. Plaintiff re-alleges and incorporates the foregoing paragraphs as though fully set forth herein.

48. Plaintiff brings this case as a class action on behalf of himself and all others similarly situated pursuant to Federal Rule of Civil Procedure 23. The putative Class that Plaintiff seeks to represent is defined as follows:

> All current and former hourly, non-exempt employees of CertifiedSafety, Inc. in California during the time period four years prior to the filing of this Complaint until the resolution of this action.

49. This action has been brought and may properly be maintained as a class action under Rule 23 because there is a well-defined community of interest in the litigation and the putative class is easily ascertainable.

a. **Numerosity**: The potential members of the putative Class as defined are so numerous that joinder of all the members of the putative Class is impracticable.

b. **Commonality**: There are questions of law and fact common to Plaintiff and the putative Class that predominate over any questions affecting only individual members of the putative Class. These common questions of law and fact include, but are not limited to:

i. Whether Defendant fails to compensate putative Class members for all hours worked, including at minimum wage and as overtime compensation, in violation of the Labor Code and Wage Orders;

ii. Whether Defendant fails to compensate putative Class members for all hours worked, including at minimum wage and as overtime compensation, in violation of Business and Professions Code §§ 17200 *et seq.*;

iii. Whether Defendant has a policy and/or practice of requiring putative Class members to be in the control of, spend time primarily for the benefit of, and work for Defendant off-the-clock and without compensation;

iv. Whether Defendant fails to pay putative Class members minimum wage for all hours worked, in violation of the Labor Code and Wage Orders;

v. Whether Defendant fails to pay putative Class members minimum wage for all hours worked, in violation of Business and Professions Code §§ 17200 *et seq.*;

vi. Whether Defendant fails to properly pay overtime compensation, at either one and one-half times or double the regular rate of pay, to putative Class members in violation of the Labor Code and Wage Orders;

vii. Whether Defendant fails to properly pay overtime compensation, at either one and one-half times or double the regular rate of pay, to putative Class members in violation of Business and Professions Code §§ 17200 *et seq.*;

viii. Whether Defendant fails to authorize and permit, make available, and/or provide putative Class members with timely meal and rest periods to which they are entitled in violation of the Labor Code and Wage Orders;

ix. Whether Defendant fails to authorize and permit, make available, and/or provide putative Class members with timely meal and rest periods to which they are entitled in violation of Business and Professions Code §§ 17200 *et seq.*;

x. Whether Defendant fails to reimburse Class members for reasonable and necessary business expenses in violation of the Labor Code;

xi. Whether Defendant fails to reimburse Class members for reasonable and necessary business expenses in violation of Business and Professions Code §§ 17200 *et seq.*;

xii. Whether Defendant fails to provide putative Class members with timely, accurate itemized wage statements in violation of the Labor Code and Wage Orders;

xiii. Whether Defendant fails to provide putative Class members with timely, accurate itemized wage statements in violation of Business and Professions Code §§ 17200 *et seq.*;

xiv. Whether Defendant fails to timely pay putative Class members for all wages owed upon termination of employment in violation of the Labor Code;

xv. Whether Defendant fails to timely pay putative Class members for all wages owed upon termination of employment in violation of Business and Professions Code §§ 17200 *et seq.*;

xvi. Whether Defendant is liable for penalties to putative Class members under the PAGA; and

xvii. The proper formula for calculating restitution, damages and penalties owed to Plaintiff and the Class as alleged herein.

c. **Typicality**: Plaintiff's claims are typical of the claims of the Class. Defendant's common course of conduct in violation of law as alleged herein has caused Plaintiff and putative Class members to sustain the same or similar injuries and damages. Plaintiff's claims are thereby representative of and co-extensive with the claims of the Class.

d. **Adequacy of Representation**: Plaintiff is a member of the Class, does not have any conflicts of interest with other putative Class members, and will prosecute the case vigorously on behalf of the Class. Counsel representing Plaintiff is competent and experienced in litigating large employment class actions, including wage and hour classes. Plaintiff will fairly and adequately represent and protect the interests of the Class members.

e. **Superiority of Class Action**: A class action is superior to other available means for the fair and efficient adjudication of this controversy. Individual joinder of all putative Class members is not practicable, and questions of law and fact common to the Class predominate over any questions affecting only individual members of the Class. Each

12

putative Class member has been damaged and is entitled to recovery by reason of Defendant's illegal policies and/or practices. Class action treatment will allow those similarly situated persons to litigate their claims in the manner that is most efficient and economical for the parties and the judicial system. In the alternative, the Class may be certified because the prosecution of separate actions by the individual members of the Class would create a risk of inconsistent or varying adjudication with respect to individual members of the Class, and, in turn, would establish incompatible standards of conduct for Defendants.

**FIRST CAUSE OF ACTION**
**Violation of the Fair Labor Standards Act**
**29 U.S.C. §§ 201, *et seq.***
**(Against Defendant – on Behalf of the Collective)**

50. Plaintiff re-alleges and incorporates the foregoing paragraphs as though fully set forth herein.

51. The FLSA requires that covered employees receive compensation for all hours worked and overtime compensation not less than one and one-half times the regular rate of pay for all hours worked in excess of forty hours in a work week. 29 U.S.C. § 207(a)(1).

52. At all times material herein, Plaintiff and the Collective are covered employees entitled to the rights, protections, and benefits provided under the FLSA. 29 U.S.C. §§ 203(e) and 207(a).

53. Defendant is a covered employer required to comply with the FLSA's mandates.

54. Defendant has violated the FLSA with respect to Plaintiff and the Collective, by, *inter alia,* failing to compensate Plaintiff and the Collective for all hours worked and, with respect to such hours, failing to pay the legally mandated overtime premium for such work and/or minimum wage. Defendant has also violated the FLSA by failing to keep required, accurate records of all hours worked by Plaintiff and the Collective. 29 U.S.C. § 211(c).

55. Plaintiff and the Collective are victims of a uniform and company-wide compensation policy. This uniform policy, in violation of the FLSA, has been applied to current

and former non-exempt, hourly employees of Defendant, working throughout the United States.

56. Plaintiff and the Collective are entitled to damages equal to the mandated pay, including minimum wage, straight time, and overtime premium pay within the three years preceding the filing of the complaint, plus periods of equitable tolling, because Defendant has acted willfully and knew or showed reckless disregard for whether the alleged conduct was prohibited by the FLSA.

57. Defendant has acted neither in good faith nor with reasonable grounds to believe that its actions and omissions were not a violation of the FLSA, and as a result thereof, Plaintiff and the Collective are entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid overtime pay and/or prejudgment interest at the applicable rate. 29 U.S.C. § 216(b).

58. As a result of the aforesaid violations of the FLSA's provisions, pay, including minimum wage, straight time, and overtime compensation, has been unlawfully withheld by Defendant from Plaintiff and the Collective. Accordingly, Defendant is liable for unpaid wages, together with an amount equal as liquidated damages, attorneys' fees, and costs of this action.

59. Wherefore, Plaintiff and the Collective request relief as hereinafter provided.

## <u>SECOND CAUSE OF ACTION</u>
### Failure to Pay for All Hours Worked Pursuant to Labor Code § 204
### (Against Defendant – on Behalf of the Class)

60. Plaintiff re-alleges and incorporates the foregoing paragraphs as though fully set forth herein.

61. CertifiedSafety willfully engaged in and continues to engage in a policy and practice of not compensating Plaintiff and putative Class members for all hours worked or spent in its control.

62. CertifiedSafety regularly schedules Plaintiff and the putative Class members to work twelve hours shifts. However, CertifiedSafety intentionally and willfully requires Plaintiff and the putative Class members to complete additional work off-the-clock, in excess of twelve hours per day. For example, CertifiedSafety instructs Safety Attendants to clock in only after

14

they have donned personal protection equipment and to clock out before taking off their personal protection equipment. CertifiedSafety does not compensate Plaintiff and Class members for this time. Moreover, CertifiedSafety deducts thirty minutes of work for a meal period. However, Plaintiff and putative Class members routinely work through this meal period and are not compensated for that work. As a result, CertifiedSafety fails to pay Plaintiff and the putative Class members for all hours worked and fails to track their actual hours worked.

63. Labor Code § 1194(a) provides as follows:

> Notwithstanding any agreement to work for a lesser wage, any employee receiving less than the legal minimum wage or the legal overtime compensation applicable to the employee is entitled to recover in a civil action the unpaid balance of the full amount of this minimum wage or overtime compensation, including interest thereon, reasonable attorneys' fees, and costs of suit.

64. Labor Code § 200(a) defines wages as "all amounts for labor performed by employees of every description, whether the amount is fixed or ascertained by the standard of time, task, piece, commission basis, or other method of calculation."

65. Labor Code § 1198 makes it unlawful for employers to employ employees under conditions that violate the Wage Orders.

66. IWC Wage Order 16-2001(2)(J) defines hours worked as "the time during which an employee is subject to the control of an employer, and includes all the time the employee is suffered or permitted to work, whether or not required to do so."

67. CertifiedSafety requires Plaintiff and the Class to work off-the-clock without compensation. In other words, Plaintiff and the Class are forced to perform work for the benefit of Defendant without compensation.

68. In violation of California law, CertifiedSafety knowingly and willfully refuses to perform its obligations to provide Plaintiff and the putative Class with compensation for all time worked. CertifiedSafety regularly fail to track the time they actually work or to compensate them for hours worked. Therefore, CertifiedSafety committed, and continues to commit, the acts

15

alleged herein knowingly and willfully, and in conscious disregard of the Plaintiff and the putative Class members' rights. Plaintiff and the putative Class are thus entitled to recover nominal, actual, and compensatory damages, plus interest, attorneys' fees, expenses, and costs of suit.

69.     As a proximate result of the aforementioned violations, Plaintiff and the putative Class have been damaged in an amount according to proof at time of trial.

70.     Wherefore, Plaintiff and the putative Class request relief as hereinafter provided.

### THIRD CAUSE OF ACTION
**Failure to Pay Minimum Wages Pursuant to California Labor Code §§ 1182.11, 1182.12, 1194, 1197, and 1197.1**
**(Against Defendant – on Behalf of the Class)**

71.     Plaintiff re-alleges and incorporates the foregoing paragraphs as though fully set forth herein.

72.     During the applicable statutory period, California Labor Code §§1182.11, 1182.12 and 1197, and the Minimum Wage Order were in full force and effect and required that CertifiedSafety's hourly employees receive the minimum wage for all hours worked irrespective of whether nominally paid on a piece rate, or any other bases, at the rate of ten dollars and fifty cents ($10.50) per hour commencing January 1, 2017.

73.     "Hours worked" is the time during which an employee is subject to the control of an employer, and includes all the time the employee is suffered or permitted to work, whether or not required to do so.

74.     California Labor Code §1194 states:

> Notwithstanding any agreement to work for a lesser wage, any employee receiving less than the legal minimum wage or the legal overtime compensation applicable to the employee is entitled to recover in a civil action the unpaid balance of the full amount of this minimum wage or overtime compensation, including interest thereon, reasonable attorney's fees, and costs of suit.

75.     Labor Code §1194.2 provides that, in any action under Section 1194 to recover wages because of the payment of a wage less than minimum wage fixed by an order of the

16

commission, an employee shall be entitled to recover liquidated damages in an amount equal to the wages unlawfully unpaid and interest thereon.

76. CertifiedSafety has maintained policies and procedures which created a working environment where hourly employees are routinely compensated at a rate that is less than the statutory minimum wage. Plaintiffs and members of the putative Class frequently work time off-the-clock during rest and meal breaks and go uncompensated for this time. In addition, Safety Attendants are regularly uncompensated for time spent donning and doffing safety equipment.

77. As a direct and proximate result of the unlawful acts and/or omissions of CertifiedSafety, Plaintiffs and putative Class members have been deprived of minimum wages in an amount to be determined at trial, and are entitled to a recovery of such amount, plus liquidated damages, plus interest thereon, attorneys' fees, and costs of suit pursuant to Labor Code §§ 1194, 1194.2 and 1197.1.

**FOURTH CAUSE OF ACTION**
**Failure to Pay Overtime Wages Pursuant to Labor Code § 510**
**(Against Defendant – on Behalf of the Class)**

78. Plaintiff re-alleges and incorporates the foregoing paragraphs as though fully set forth herein.

79. CertifiedSafety does not compensate Plaintiff and putative Class members with the appropriate overtime rate, including time and a half and double time, as required by California law. For example, CertifiedSafety does not consider bonuses when determining what the overtime and double time rates should be for Plaintiff and putative Class members.

80. Labor Code § 510 provides as follows:

> Eight hours of labor constitutes a day's work. Any work in excess of eight hours in one workday and any work in excess of 40 hours in any one workweek and the first eight hours worked on the seventh day of work in any one workweek shall be compensated at the rate of no less than one and one-half times the regular rate of pay for an employee. Any work in excess of 12 hours in one day shall be compensated at the rate of no less than twice the regular rate of pay for an employee. In addition, any work in excess of eight hours on any seventh day of a workweek shall be compensated at the rate of no less than twice the regular rate of pay of an

17

employee.  Nothing in this section requires an employer to combine more than one rate of overtime compensation in order to calculate the amount to be paid to an employee for any hour of overtime work.

81. The IWC Wage Order 16-2001(3)(A)(1) states:

The following overtime provisions are applicable to employees 18 years of age or over and to employees 16 or 17 years of age who are not required by law to attend school and are not otherwise prohibited by law from engaging in the subject work. Such employees shall not be employed more than eight (8) hours in any workday or more than 40 hours in any workweek unless the employee receives one and one-half (1 ½) times such employee's regular rate of pay for all hours worked over 40 hours in the workweek. Eight (8) hours of labor constitutes a day's work. Employment beyond eight (8) hours in any workday or more than six (6) days in any workweek is permissible provided the employee is compensated for such overtime at not less than: . . . One and one-half (1 ½) times the employee's regular rate of pay for all hours worked in excess of eight (8) hours up to and including 12 hours in any workday, and for the first eight (8) hours worked on the seventh (7th) consecutive day of work in a workweek; and … [d]ouble the employee's regular rate of pay for all hours worked in excess of 12 hours in any workday and for all hours worked in excess of eight (8) hours on the seventh (7th) consecutive day of work in a workweek.

82. Labor Code § 1194(a) provides as follows:

Notwithstanding any agreement to work for a lesser wage, any employee receiving less than the legal minimum wage or the legal overtime compensation applicable to the employee is entitled to recover in a civil action the unpaid balance of the full amount of this minimum wage or overtime compensation, including interest thereon, reasonable attorneys' fees, and costs of suit.

83.    Labor Code § 200 defines wages as "all amounts for labor performed by employees of every description, whether the amount is fixed or ascertained by the standard of time, task, piece, commission basis or other method of calculation."  All such wages are subject to California's overtime requirements, including those set forth above.

84.    CertifiedSafety regularly requires Plaintiff and putative Class members to work in excess of eight hours per day and forty hours per week, but does not compensate them at an overtime rate for this work.  Furthermore, CertifiedSafety regularly does not compensate

18

Plaintiff and the putative Class members at a double time rate for hours worked in excess of twelve hours each day or after eight hours on the seventh consecutive day of work.

85.    Plaintiff and putative Class members have worked overtime hours for CertifiedSafety without being paid overtime premiums in violation of the Labor Code, applicable IWC Wage Orders, and other applicable law.

86.    CertifiedSafety has knowingly and willfully refused to perform its obligation to compensate Plaintiff and the putative Class members for all premium wages for overtime work. As a proximate result of the aforementioned violations, CertifiedSafety has damaged Plaintiff and the putative Class members in amounts to be determined according to proof at time of trial.

87.    CertifiedSafety is liable to Plaintiff and the Class alleged herein for the unpaid overtime and civil penalties, with interest thereon.  Furthermore, Plaintiff is entitled to an award of attorneys' fees and costs as set forth below.

88.    Wherefore, Plaintiff and the Class request relief as hereinafter provided.

## FIFTH CAUSE OF ACTION
### Failure to Authorize and Permit and/or Make Available Meal and Rest Periods
### Pursuant to Labor Code §§ 226.7 and 512
### (Against Defendant – on Behalf of the Class)

89.    Plaintiff re-alleges and incorporates the foregoing paragraphs as though fully set forth herein.

90.    CertifiedSafety routinely does not make meal periods available to Plaintiff and putative Class members.  Despite long work days regularly lasting in excess of twelve hours, Plaintiff and putative Class members are often unable to take a meal break, are often prevented from timely taking a meal break, and are frequently interrupted during their meal breaks.  When Plaintiff and putative Class members work more than ten hours in a day, CertifiedSafety often does not make a second meal period available to them.

91.    Plaintiff and putative Class members are not paid one hour of premium pay for the missed breaks.  Rather, CertifiedSafety deducts thirty minutes of pay on a daily basis for meal

19

periods, even though Plaintiff and putative Class members are routinely denied compliant meal periods.

92.     Similar to meal periods, CertifiedSafety regularly fails to make rest periods available to Plaintiff and putative Class members.  Plaintiff's and putative Class members' schedules regularly prevent them from taking rest periods throughout the day.  When available, if ever, they are often not compliant.  Instead, they are generally untimely or short.  Plaintiff and putative Class members do not receive premium pay for their missed breaks as required by California law.

93.     Labor Code §§ 226.7 and 512 and the applicable Wage Orders require Defendant to authorize and permit meal and rest periods to its employees.  Labor Code §§ 226.7 and 512 and the Wage Orders prohibit employers from employing an employee for more than five hours without a meal period of not less than thirty minutes, and from employing an employee more than ten hours per day without providing the employee with a second meal period of not less than thirty minutes.  Labor Code § 226.7 and the applicable Wage Orders also require employers to authorize and permit employees to take ten minutes of net rest time per four hours or major fraction thereof of work, and to pay employees their full wages during those rest periods.  Unless the employee is relieved of all duty during the thirty-minute meal period and ten-minute rest period, the employee is considered "on duty" and the meal or rest period is counted as time worked under the applicable Wage Orders.

94.     Under Labor Code § 226.7(b) and the applicable Wage Orders, an employer who fails to authorize, permit, and/or make available a required meal period must, as compensation, pay the employee one hour of pay at the employee's regular rate of compensation for each workday that the meal period was not authorized and permitted.  Similarly, an employer must pay an employee denied a required rest period one hour of pay at the employee's regular rate of compensation for each workday that the rest period was not authorized and permitted and/or not made available.

CLASS AND COLLECTIVE ACTION COMPLAINT AND DEMAND FOR JURY TRIAL
*Harold Jones, et al. v. CertifiedSafety, Inc., et al.*

95. Despite these requirements, CertifiedSafety has knowingly and willfully refused to perform its obligations to authorize and permit and/or make available to Plaintiff and the Class the ability to take the off-duty meal and rest periods to which they are entitled. CertifiedSafety has also failed to pay Plaintiff and the Class one hour of pay for each off-duty meal and/or rest periods that they are denied. CertifiedSafety's conduct described herein violates Labor Code §§ 226.7 and 512. Therefore, pursuant to Labor Code § 226.7(b), Plaintiff and the putative Class are entitled to compensation for the failure to authorize and permit and/or make available meal and rest periods, plus interest, attorneys' fees, expenses and costs of suit.

96. As a proximate result of the aforementioned violations, Plaintiff and the putative Class have been damaged in an amount according to proof at time of trial.

97. Wherefore, Plaintiff and the putative Class request relief as hereinafter provided.

## SIXTH CAUSE OF ACTION
### Failure to Reimburse for Necessary Business Expenditures Pursuant to Labor Code § 2802
### (Against Defendant – on Behalf of the Class)

98. Plaintiff re-alleges and incorporates the foregoing paragraphs as though fully set forth herein.

99. CertifiedSafety does not reimburse Plaintiff and putative Class members for necessary business expenditures.

100. Labor Code § 2802 provides, in relevant part:

> An employer shall indemnify his or her employee for all necessary expenditures or losses incurred by the employee in direct consequence of the discharge of his or her duties, or of his or her obedience to the directions of the employer, even though unlawful, unless the employee, at the time of obeying the directions, believed them to be unlawful. … For the purposes of this section, the term "necessary expenditures or losses" shall include all reasonable costs, including, but not limited to, attorney's fees incurred by the employee enforcing the rights granted by this section.

101. CertifiedSafety regularly requires Plaintiff and putative Class members to pay out-of-pocket expenses for transportation, lodging, and food when traveling to assigned work sites.

1    CertifiedSafety often promises to reimburse Plaintiff for these travel expenses, but often fails to

2    do so.  Additionally, CertifiedSafety attempts to have Plaintiff and putative Class members

3    illegally waive their right to reimbursement for travel expenses.  Even when CertifiedSafety

4    reimburses Plaintiff and Class members for these expenses, the amount reimbursed is often

5    insufficient to cover the total cost of travel.

6          102.  Furthermore, CertifiedSafety regularly requires Plaintiff and putative Class

7    members to pay out-of-pocket expenses for personal protective equipment, including but not

8    limited to boots, and for the cost of washing this equipment.  CertifiedSafety does not reimburse

9    Plaintiff and the putative Class members for these expenditures.

10         103.  CertifiedSafety is liable to Plaintiff and the putative Class members for the

11   unreimbursed expenses and civil penalties, with interest thereon.  Furthermore, Plaintiff is

12   entitled to an award of attorneys' fees and costs as set forth below.

13         104.  Wherefore, Plaintiff and the putative Class request relief as hereinafter provided.

14                    **SEVENTH CAUSE OF ACTION**
      **Failure to Provide Accurate Itemized Wage Statements Pursuant to Labor Code § 226**
15                    **(Against Defendant – on Behalf of the Class)**

16         105.  Plaintiff re-alleges and incorporates the foregoing paragraphs as though fully set

17   forth herein.

18         106.  CertifiedSafety does not provide Plaintiff and putative Class members with accurate

19   itemized wage statements as required by California law.

20         107.  Labor Code § 226(a) provides:

21
           Every employer shall, semimonthly or at the time of each payment of wages,
22         furnish each of his or her employees, either as a detachable part of the check,
           draft, or voucher paying the employee's wages, or separately when wages are
23         paid by personal check or cash, an accurate itemized statement in writing
           showing (1) gross wages earned, (2) total hours worked by the employee,
24         except for any employee whose compensation is solely based on a salary and
           who is exempt from payment of overtime under subdivision (a) of Section
25         515 or any applicable order of the Industrial Welfare Commission, (3) the
           number of piece-rate units earned and any applicable piece rate if the
26         employee is paid on a piece-rate basis, (4) all deductions, provided that all
           deductions made on written orders of the employee may be aggregated and
27         shown as one item, (5) net wages earned, (6) the inclusive dates of the period

28                                            22

for which the employee is paid, (7) the name of the employee and his or her social security number, (8) the name and address of the legal entity that is the employer, and (9) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee. The deductions made from payments of wages shall be recorded in ink or other indelible form, properly dated, showing the month, day, and year, and a copy of the statement or a record of the deductions shall be kept on file by the employer for at least four years at the place of employment or at a central location within the State of California.

108. The IWC Wage Orders also establishes this requirement. (*See* IWC Wage Order 16-2001(6).)

109. Labor Code § 226(e) provides:

An employee suffering injury as a result of a knowing and intentional failure by an employer to comply with subdivision (a) is entitled to recover the greater of all actual damages or fifty dollars ($50) for the initial pay period in which a violation occurs and one hundred dollars ($100) per employee for each violation in a subsequent pay period, not exceeding an aggregate penalty of four thousand dollars ($4,000), and is entitled to an award of costs and reasonable attorney's fees.

Plaintiff seeks to recover actual damages, costs and attorneys' fees under this section.

110. CertifiedSafety does not provide timely, accurate itemized wage statements to Plaintiff and putative Class members in accordance with Labor Code § 226(a) and the IWC Wage Orders. The wage statements CertifiedSafety provides its employees, including Plaintiff and putative Class members, do not accurately reflect the actual hours worked, actual gross wages earned, or actual net wages earned.

111. CertifiedSafety is liable to Plaintiff and the putative Class alleged herein for the amounts described above in addition to the civil penalties set forth below, with interest thereon. Furthermore, Plaintiff is entitled to an award of attorneys' fees and costs as set forth below, pursuant to Labor Code § 226(e).

112. Wherefore, Plaintiff and the putative Class request relief as hereinafter provided.

## EIGHTH CAUSE OF ACTION
### Waiting Time Penalties Pursuant to Labor Code §§ 201-203
### (Against Defendant – on Behalf of the Class)

113. Plaintiff re-alleges and incorporates the foregoing paragraphs as though fully set forth herein.

114. CertifiedSafety does not provide putative Class members with their wages when due under California law after their employment with CertifiedSafety ends.

115. Labor Code § 201 provides:

> If an employer discharges an employee, the wages earned and unpaid at the time of discharge are due and payable immediately.

116. Labor Code § 202 provides:

> If an employee not having a written contract for a definite period quits his or her employment, his or her wages shall become due and payable not later than 72 hours thereafter, unless the employee has given 72 hours previous notice of his or her intention to quit, in which case the employee is entitled to his or her wages at the time of quitting.

117. Labor Code § 203 provides, in relevant part:

> If an employer willfully fails to pay, without abatement or reduction, in accordance with Sections 201, 201.5, 202, and 205.5, any wages of an employee who is discharged or who quits, the wages of the employee shall continue as a penalty from the due date thereof at the same rate until paid or until an action therefor is commenced; but the wages shall not continue for more than 30 days.

118. Some of the putative Class members left their employment with CertifiedSafety during the statutory period, at which time CertifiedSafety owed them unpaid wages. These earned, but unpaid, wages derive from time spent working for the benefit of CertifiedSafety, which went unrecorded and/or uncompensated.

119. CertifiedSafety willfully refused and continues to refuse to pay putative Class members all the wages that were due and owing to them, in the form of uncompensated off-the-clock time, minimum wage, overtime, meal and rest period premium pay, and reimbursement for necessary business expenditures upon the end of their employment as a result of

24

CertifiedSafety's willful failure to provide Plaintiff and the putative Class members with payment for all hours worked, overtime, and meal and rest breaks. As a result of CertifiedSafety's actions, Plaintiff and putative Class members have suffered and continue to suffer substantial losses, including lost earnings, and interest.

120. CertifiedSafety's willful failure to pay Plaintiff and putative Class members the wages due and owing them constitutes a violation of Labor Code §§ 201-202. As a result, CertifiedSafety is liable to Plaintiff and proposed Class members for all penalties owing pursuant to Labor Code §§ 201-203.

121. In addition, Labor Code § 203 provides that an employee's wages will continue as a penalty up to thirty days from the time the wages were due. Therefore, the Plaintiff and putative Class members are entitled to penalties pursuant to Labor Code § 203, plus interest.

122. Wherefore, Plaintiff and the Class request relief as hereinafter provided.

### NINTH CAUSE OF ACTION
**Violation of California Business and Professions Code §§ 17200 *et seq.*
(Against Defendant – on Behalf of the Class)**

123. Plaintiff re-alleges and incorporates the foregoing paragraphs as though fully set forth herein.

124. The UCL prohibits unfair competition in the form of any unlawful, unfair, or fraudulent business acts or practices.

125. Business and Professions Code § 17204 allows a person injured by the unfair business acts or practices to prosecute a civil action for violation of the UCL.

126. Labor Code § 90.5(a) states it is the public policy of California to vigorously enforce minimum labor standards in order to ensure employees are not required to work under substandard and unlawful conditions, and to protect employers who comply with the law from those who attempt to gain competitive advantage at the expense of their workers by failing to comply with minimum labor standards.

127. Beginning at an exact date unknown to Plaintiff, but at least since the date four years prior to the filing of this suit, CertifiedSafety has committed acts of unfair competition as

25

defined by the UCL, by engaging in the unlawful, unfair, and fraudulent business acts and practices described in this Complaint, including, but not limited to:

    a.   violations of Labor Code § 1194 and IWC Wage Order 16-2001 pertaining to payment of wages, including minimum wage, for all hours worked;

    b.   violations of Labor Code § 510 and Wage Order 16-2001 pertaining to overtime;

    c.   violations of Labor Code §§ 226.7 and 512 and Wage Order 16-2001 pertaining to meal and rest breaks;

    d.   violations of Labor Code § 226 regarding accurate, timely itemized wage statements;

    e.   violations of Labor Code § 2802 regarding indemnification for necessary business expenditures; and

    f.   violations of Labor Code §§ 201-203.

128.  The violations of these laws and regulations, as well as of the fundamental California public policies protecting wages, serve as unlawful predicate acts and practices for purposes of Business and Professions Code §§ 17200 *et seq.*

129.  The acts and practices described above constitute unfair, unlawful, and fraudulent business practices, and unfair competition, within the meaning of Business and Professions Code §§ 17200 *et seq.*  Among other things, the acts and practices have taken from Plaintiff and the Class wages rightfully earned by them, while enabling Defendant to gain an unfair competitive advantage over law-abiding employers and competitors.

130.  Business and Professions Code § 17203 provides that a court may make such orders or judgments as may be necessary to prevent the use or employment by any person of any practice which constitutes unfair competition.  Injunctive relief is necessary and appropriate to prevent Defendant from repeating the unlawful, unfair, and fraudulent business acts and practices alleged above.

131.  As a direct and proximate result of the aforementioned acts and practices, Plaintiff and the Class members have suffered a loss of money and property, in the form of unpaid wages which are due and payable to them.

132.  Business and Professions Code § 17203 provides that the Court may restore to any person in interest any money or property which may have been acquired by means of such unfair competition.  Plaintiff and the Class are entitled to restitution pursuant to Business and Professions Code § 17203 for all wages and payments unlawfully withheld from employees during the four-year period prior to the filing of this Complaint.  Plaintiff's success in this action will enforce important rights affecting the public interest and in that regard Plaintiff sues on behalf of himself as well as others similarly situated.  Plaintiff and putative Class members seek and are entitled to unpaid wages, declaratory and injunctive relief, and all other equitable remedies owing to them.

133.  Plaintiff herein takes upon himself enforcement of these laws and lawful claims. There is a financial burden involved in pursuing this action, the action is seeking to vindicate a public right, and it would be against the interests of justice to penalize Plaintiff by forcing him to pay attorneys' fees from the recovery in this action.  Attorneys' fees are appropriate pursuant to Code of Civil Procedure §1021.5 and otherwise.

134.  Wherefore, Plaintiff and the putative Class request relief as hereinafter provided

### TENTH CAUSE OF ACTION
**Penalties Pursuant to § 2699(a) of the Private Attorneys General Act**
**(Against Defendant)**

135.  Plaintiff re-alleges and incorporates the foregoing paragraphs as though fully set forth herein.

136.  Labor Code § 2699(a) provides:

> Notwithstanding any other provision of law, any provision of this code that provides for a civil penalty to be assessed and collected by the Labor and Workforce Development Agency or any of its departments, divisions, commissions, boards, agencies or employees, for a violation of this code, may, as an alternative, be recovered through a civil action brought by an aggrieved employee on behalf of himself or herself and other current or former employees.

27

137. Labor Code § 203 provides, in relevant part:

If an employer willfully fails to pay, without abatement or reduction, in accordance with Sections 201, 201.5, 202, and 205.5, any wages of an employee who is discharged or who quits, the wages of the employee shall continue as a penalty from the due date thereof at the same rate until paid or until an action therefore is commenced; but the wages shall not continue for more than 30 days.

138. Labor Code § 226(a) provides:

Every employer shall, semimonthly or at the time of each payment of wages, furnish each of his or her employees, either as a detachable part of the check, draft, or voucher paying the employee's wages, or separately when wages are paid by personal check or cash, an accurate itemized statement in writing showing (1) gross wages earned, (2) total hours worked by the employee, except for any employee whose compensation is solely based on a salary and who is exempt from payment of overtime under subdivision (a) of Section 515 or any applicable order of the Industrial Welfare Commission, (3) the number of piece-rate units earned and any applicable piece rate if the employee is paid on a piece-rate basis, (4) all deductions, provided that all deductions made on written orders of the employee may be aggregated and shown as one item, (5) net wages earned, (6) the inclusive dates of the period for which the employee is paid, (7) the name of the employee and his or her social security number, (8) the name and address of the legal entity that is the employer, and (9) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee. The deductions made from payments of wages shall be recorded in ink or other indelible form, properly dated, showing the month, day, and year, and a copy of the statement or a record of the deductions shall be kept on file by the employer for at least four years at the place of employment or at a central location within the State of California.

139. Labor Code § 558(a) provides:

(a) Any employer or other person acting on behalf of an employer who violates, or causes to be violated, a section of this chapter or any provision regulating hours and days of work in any order of the Industrial Welfare Commission shall be subject to a civil penalty as follows:

(1) For any initial violation, fifty dollars ($50) for each underpaid employee for each pay period for which the employee was underpaid in addition to an amount sufficient to recover underpaid wages.

(2) For each subsequent violation, one hundred dollars ($100) for each

28

underpaid employee for each pay period for which the employee was underpaid in addition to an amount sufficient to recover underpaid wages.

(3) Wages recovered pursuant to this section shall be paid to the affected employee.

140. Plaintiff seeks civil penalties pursuant to Labor Code § 2699(a) for each failure by CertifiedSafety, as alleged above, to timely pay all wages owed to Plaintiff and each putative Class member in compliance with Labor Code §§ 201-202 in the amounts established by Labor Code § 203. Plaintiff seeks such penalties as an alternative to the penalties available under Labor Code § 203, as prayed for herein.

141. Plaintiff also seeks civil penalties pursuant to Labor Code § 2699(a) for each failure by CertifiedSafety, alleged above, to provide Plaintiff and each Class member an accurate, itemized wage statement in compliance with Labor Code § 226(a) in the amounts established by Labor Code § 226(e). Plaintiff seeks such penalties as an alternative to the penalties available under Labor Code § 226(e), as prayed for herein.

142. Plaintiff also seeks civil penalties pursuant to Labor Code § 2699(a) for each failure by CertifiedSafety, alleged above, to provide Plaintiff and each Class member compliant meal and rest periods in compliance with Labor Code § 512.

143. Plaintiff also seeks civil penalties pursuant to Labor Code § 2699(a) for each violation of Labor Code § 510, alleged above, as well as any provision regulating hours and days of work in any order of the IWC.

144. Pursuant to Labor Code § 2699.3(a)(1) and (2), Plaintiff provided the Labor and Workforce Development Agency ("LWDA") with notice of his intention to file this claim. Sixty-five calendar days have passed without notice from the LWDA. Plaintiff satisfied the administrative prerequisites to commence this civil action in compliance with § 2699.3(a).

145. Plaintiff seeks the aforementioned penalties on behalf of the State, other aggrieved employees, and himself as set forth in Labor Code § 2699(g)(i).

146. CertifiedSafety is liable to Plaintiff, the putative Class, and the State of California for the civil penalties set forth in this Complaint, with interest thereon. Plaintiff is also entitled to an award of attorneys' fees and costs as set forth below.

147. Wherefore, Plaintiff and the Class request relief as hereinafter provided.

## ELEVENTH CAUSE OF ACTION
### Penalties Pursuant to § 2699(f) of the Private Attorneys General Act
### (Against Defendant)

148. Plaintiff re-alleges and incorporates the foregoing paragraphs as though fully set forth herein.

149. Labor Code § 2699(f) provides:

> For all provisions of this code except those for which a civil penalty
> is specifically provided, there is established a civil penalty for a
> violation of these provisions, as follows: . . . (2) If, at the time
> of the alleged violation, the person employs one or more employees, the
> civil penalty is one hundred dollars ($100) for each aggrieved
> employee per pay period for the initial violation and two hundred dollars
> ($200) for each aggrieved employee per pay period for each subsequent violation.

150. To the extent than any violation alleged herein does not carry penalties under Labor Code § 2699(a), Plaintiff seeks civil penalties pursuant to Labor Code § 2699(f) for Plaintiff and Class members each pay period in which he or she was aggrieved, in the amounts established by Labor Code § 2699(f).

151. Pursuant to Labor Code § 2699.3(a)(1) and (2), Plaintiff has provided the LWDA with notice of his intention to file this claim. Sixty-five calendar days have passed without notice from the LWDA. Plaintiff satisfied the administrative prerequisites to commence this civil action in compliance with § 2699.3(a).

152. Plaintiff seeks the aforementioned penalties on behalf of the State, other aggrieved employees, and themselves as set forth in Labor Code § 2699(g)(i).

153. CertifiedSafety is liable to Plaintiff, the putative Class, and the State of California for the civil penalties set forth in this Complaint, with interest thereon. Plaintiff is also entitled to an award of attorneys' fees and costs as set forth below.

154. Wherefore, Plaintiff and the Class request relief as hereinafter provided.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for relief as follows:

a) Damages and restitution according to proof at trial for all unpaid wages and other injuries, as provided by the FLSA and California Labor Code;

b) For a declaratory judgment that CertifiedSafety has violated the FLSA and California Labor Code and public policy as alleged herein;

c) For a declaratory judgment that CertifiedSafety has violated California Business and Professions Code §§ 17200 *et seq.*, as a result of the aforementioned violations of the California Labor Code and of California public policy protecting wages;

d) For preliminary, permanent, and mandatory injunctive relief prohibiting CertifiedSafety, its officers, agents, and all those acting in concert with them from committing in the future those violations of law herein alleged;

e) For an equitable accounting to identify, locate, and restore to all current and former employees the wages they are due, with interest thereon;

f) For an order awarding Plaintiff and the Class and Collective members compensatory damages, including lost wages, earnings, liquidated damages, and other employee benefits, restitution, recovery of all money, actual damages, punitive damages, and all other sums of money owed to Plaintiff and Class members, together with interest on these amounts, according to proof;

g) For an order awarding Plaintiff and the Class members civil penalties pursuant to the FLSA and California Labor Code provisions cited herein, with interest thereon;

h) For an award of reasonable attorneys' fees as provided by the California Labor Code; California Code of Civil Procedure § 1021.5; the FLSA; and/or other applicable law;

i) For all costs of suit;

j) For interest on any damages and/or penalties awarded, as provided by applicable law; and

k)  For such other and further relief as this Court deems just and proper.

Dated: April 21, 2017                          Respectfully submitted,

                                               */s/ Nicole N. Coon*
                                               Carolyn Hunt Cottrell
                                               Nicole N. Coon
                                               Keenan L. Klein
                                               David C. Leimbach
                                               SCHNEIDER WALLACE
                                               COTTRELL KONECKY
                                               WOTKYNS LLP

                                               Attorneys for Plaintiff and the Putative Class and
                                               Collective

CLASS AND COLLECTIVE ACTION COMPLAINT AND DEMAND FOR JURY TRIAL
*Harold Jones, et al. v. CertifiedSafety, Inc., et al.*

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury trial on all claims and issues for which Plaintiff is entitled to a jury.

Dated: April 21, 2017

Respectfully submitted,

*/s/ Nicole N. Coon*
Carolyn Hunt Cottrell
Nicole N. Coon
Keenan L. Klein
David C. Leimbach
SCHNEIDER WALLACE
COTTRELL KONECKY
WOTKYNS LLP

Attorneys for Plaintiff and the Putative Class and Collective

## **CERTIFICATE OF SERVICE**

I hereby certify that I electronically filed the foregoing document(s) with the Clerk of the Court for the United States District Court, Northern District of California, by using the Court's CM/ECF system on April 21, 2017.

I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the Court's CM/ECF system.

*/s/ Nicole N. Coon*
Nicole N. Coon