CAROLYN H. COTTRELL, Bar No. 166977
DAVID C. LEIMBACH, Bar No. 265409
SCHNEIDER WALLACE COTTRELL
KONECKY WOTKYNS LLP
2000 Powell Street, Suite 1400
Emeryville, CA 94608
Telephone:    415.421.7100
Fax No.:        415.421.7105

Attorneys for Plaintiffs, the Class and Collective

MICHELLE B. HEVERLY, Bar No. 178660
ANGELA RAFOTH, Bar No. 241966
LITTLER MENDELSON, P.C.
333 Bush Street, 34th Floor
San Francisco, CA  94104
Telephone:    415.433.1940
Fax No.:        415.399.8490

JAMES M. CLEARY, Texas Bar No. 00783838
MARTIN, DISIERE, JEFFERSON & WISDOM, LLP
808 Travis, 20th Floor
Houston, TX 77002
Telephone:    713.632.1775
Fax No.:        713.222.0101
*Pro Hac Vice*

Attorneys for Defendant

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| HAROLD JONES and GENEA KNIGHT, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>CERTIFIEDSAFETY, INC.,<br><br>Defendant. | Case No.  3:17-cv-2229-RS<br><br>**STIPULATION AND [~~PROPOSED~~] ORDER FOR CONDITIONAL CERTIFICATION OF COLLECTIVE**<br><br>Complaint Filed:    April 21, 2017 |

STIPULATION AND [PROPOSED] ORDER FOR CONDITIONAL CERTIFICATION AS FLSA COLLECTIVE ACTION
*Harold Jones et al. v. CertifiedSafety, Inc.,* Case No. 3:17-cv-2229-RS

Plaintiffs Harold Jones and Genea Knight ("Plaintiffs") and Defendant CertifiedSafety, Inc. ("Defendant") (Plaintiffs and Defendant are collectively referred to as the "Parties"), by and through their attorneys of record, hereby stipulate as follows:

1. Plaintiff Jones initiated this action on April 21, 2017 and, in addition to claims under California state wage and hour laws, alleged Defendant violated the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq.* ("FLSA"), and asserted these claims on behalf of a national Collective (ECF 1). The proposed Collective is defined as follows:

> All current and former hourly, non-exempt safety attendants and foremen of CertifiedSafety, Inc., in the United States, during the time period October 1, 2014 until the resolution of this action.

2. Plaintiff Jones alleged that Defendant has violated the FLSA with respect to Plaintiff and the Collective by, inter alia, failing to compensate Plaintiff and the Collective for all hours worked and, with respect to such hours, failing to pay the legally mandated overtime premium for such work and/or minimum wage;

3. On June 26, 2017, Plaintiff Jones amended his pleading to add an additional representative Plaintiff, Genea Knight, who asserted the same claims under the FLSA on behalf of a proposed national Collective, and also asserted claims under Washington state law on behalf of a Washington State Class (ECF 23);

4. Plaintiffs request that the Court authorize mailing of the proposed Notice of Collective Action Lawsuit and Opt-In Consent Form, attached as Exhibits A and B to the Declaration of Carolyn H. Cottrell, to all persons within the proposed Collective who have been employed by Defendant in the United States at any time after October 1, 2014.

5. Given the threshold required for conditional certification under Section 216(b) of the FLSA, to facilitate mediation and/or other alternative dispute resolution, and to promote efficiency and conserve resources among the Parties' and the Court, the Parties have agreed to stipulate to the Court's entry of an order conditionally certifying a nationwide FLSA Collective;

6. The decision by Defendant not to oppose the conditional certification of the FLSA

collective action does not constitute an admission that the named Plaintiffs meet the conditions necessary for certification of a FLSA collective action, or that Defendant is liable in any way under the FLSA in regards to Plaintiffs or any prospective class members. Defendant retains the right to move to decertify the Collective action and/or oppose any request by Plaintiffs for final certification of this Collective action. Further, the Parties explicitly agree that Defendant's consent to this Stipulation is without prejudice to any and all arguments Defendant may make in opposition to any motion for certification of any class or subclass under Federal Rule of Civil Procedure 23, and that the FLSA conditional certification contemplated herein shall have no bearing on any proceedings related to certification under Rule 23;

7. Within 14 days of this Order, Defendant shall provide to Plaintiffs' a third-party administrator a computer-readable data file containing the names, job titles, last known mailing addresses, email addresses telephone numbers, both home and cellular, and social security numbers of all persons within the Collective description herein ("File"). The administrator shall be instructed to send the agreed-upon Notice to the listed individuals as set forth below:

> All current and former hourly, non-exempt Safety Attendants and Safety Foreman, of CertifiedSafety, Inc., in the United States, during the time period October 1, 2014 until the resolution of this action.

8. Plaintiffs will select a third-party notice administrator ("Notice Administrator") to mail the proposed Notice of Collective Action Lawsuit and Opt-In Consent Form to all persons identified in Defendant's list within seven (7) days of the of this Order. Plaintiffs shall pay the costs of the administrator, subject to claiming the costs as a reimbursable litigation expense. The Notice of Collective Action Lawsuit and Opt-In Consent Form shall be sent by the Notice Administrator via first class mail within seven (7) days of receipt of the list of Defendant's eligible current and former employees, or as soon thereafter as practicable. For those employees who Defendant provides an email address for, the Notice Administrator shall email the Notice of Collective Action Lawsuit and Opt-In Consent Form to those email addresses within seven (7) days of receipt of the list of Defendant's eligible current and former employees, or as soon thereafter as practicable.

3.
STIPULATION AND [PROPOSED] FOR CONDITIONAL CERTIFICATION AS FLSA COLLECTIVE ACTION
*Harold Jones et al. v. CertifiedSafety, Inc.,* Case No. 3:17-cv-2229-RS

1 | 9. Eligible persons shall have sixty (60) days from the date on which the Notice of Collective Action Lawsuit and Opt-In Consent Form is sent via first class mail (the "Opt-In Deadline") in which to postmark or return their Opt-In Consent Form for receipt by the Notice Administrator. After the Notice of Collective Action Lawsuit and Opt-In Consent Form has been sent to the class members, the Notice Administrator may send one reminder postcard (content and format of which to be agreed between the parties) to any class member who has not opted into this case. The Notice Administrator may also communicate with any Class member who contacts the Notice Administrator for additional information about this litigation. The Notice Administrator shall not provide the File to counsel for Plaintiffs.

10. The Notice Administrator shall provide the Opt-In Consent Forms to Plaintiffs' Counsel upon receipt of the Opt In Consent Form. Plaintiffs' Counsel will file received Opt-In Consent Forms with the Court as soon as practicable.

NOW THEREFORE, IT IS HEREBY STIPULATED AND AGREED:

That this action be conditionally certified as a FLSA collective action, pursuant to 29 U.S.C. §§ 201 et seq.

Dated: October 23, 2017

/s/ *James M. Clearly, Jr.*
MICHELLE HEVERLY
ANGELA RAFOTH
LITTLER MENDELSON, P.C.

JAMES M. CLEARY, JR.
MARTIN, DISIERE, JEFFERSON & WISDOM, LLC

Attorneys for Defendant
CERTIFIEDSAFETY, INC.

+

Dated: October 23, 2017

                                                    /s/ *Carolyn H. Cottrell*
CAROLYN H. COTTRELL
DAVID C. LEIMBACH
SCHNEIDER WALLACE COTTRELL
KONECKY WOTKYNS LLP

Attorneys for Plaintiff
HAROLD JONES

## [PROPOSED] ORDER

Plaintiffs Harold Jones and Genea Knight ("Plaintiffs") and Defendant CertifiedSafety, Inc. ("Defendant") (Plaintiffs and Defendant are collectively referred to as the "Parties"), have stipulated to conditionally certify as a FLSA collective action, pursuant to 29 U.S.C. §§ 201 et seq., the following Collective:

> All current and former hourly, non-exempt Safety Attendants and Safety Foreman, of CertifiedSafety, Inc., in the United States, during the time period October 1, 2014 until the resolution of this action.

Plaintiffs allege that Defendant has violated the FLSA with respect to Plaintiffs and the Collective by, inter alia, failing to compensate Plaintiff and the Collective for all hours worked and, with respect to such hours, failing to pay the legally mandated overtime premium for such work and/or minimum wage.

Having considered the parties' Stipulation, the allegations in Plaintiffs' First Amended Complaint, and given the low threshold for conditional certification under Section 216(b) of the FLSA, *see Ramirez v. Ghilotti Bros. Inc.,* 941 F. Supp. 2d 1197, 1203 (N.D. Cal. 2013), Plaintiffs have met the lenient standard at this stage of the case to provide substantial allegations that they are "similarly situated" under the FLSA to the proposed Collective members.

The decision by Defendant not to oppose the conditional certification of the FLSA collective action does not constitute an admission that the named Plaintiffs meet the conditions necessary for

certification of a FLSA collective action. Defendant retains the right to move to decertify the Collective action and/or oppose any request by Plaintiffs for final certification of this Collective action. However, at this time, the Court has determined Plaintiffs' allegations are sufficient to provide Defendant's other non-exempt employees notice of the litigation and an opportunity to opt-in to the action to pursue their FLSA claims.

Therefore, Plaintiffs' Motion for Conditional Certification and to Facilitate Notice under 29 U.S.C. § 216(b) is **GRANTED** as follows:

1. Within fourteen (14) days of this Order, Defendant shall provide to Plaintiffs' third-party administrator a computer-readable data file ("File") containing the names, job titles, last known mailing addresses, email addresses, telephone numbers, both home and cellular, and social security numbers of all persons within the following definition:

   > All current and former hourly, non-exempt Safety Attendants and Safety Foreman, of CertifiedSafety, Inc., in the United States, during the time period October 1, 2014 until the resolution of this action. Defendant shall provide this information for any person who has been employed by Defendant as provided by the above definition.

2. The Proposed Notice and Opt-In Form, attached to the parties' Stipulation as Exhibits A and B to the Declaration of Carolyn H. Cottrell, are approved.

3. Within seven (7) days of the date of this Order, Plaintiffs will select a third-party notice administrator ("Notice Administrator") to mail and email the proposed Notice of Collective Action Lawsuit and Opt-In Consent Form to all persons identified in Defendant's list. Plaintiffs shall pay the costs of the administrator, subject to claiming the costs as a reimbursable litigation expense. The Notice of Collective Action Lawsuit and Opt-In Consent Form shall be sent by the Notice Administrator via first class mail within seven (7) days of receipt of the list of Defendant's eligible current and former employees, or as soon thereafter as practicable. For those employees who Defendant provides an email address for, the Notice Administrator shall email the Notice of Collective Action Lawsuit and Opt-In Consent Form to those email addresses within seven (7) days of receipt of the list of Defendant's eligible current and former employees, or as soon thereafter as practicable.

4. Eligible persons shall be given sixty (60) days from the date on which the Notice of Collective Action Lawsuit and Opt-In Consent Form is sent via first class mail in which to postmark or return their Opt-In Consent Form for receipt by the Notice Administrator. After the Notice of Collective Action Lawsuit and Opt-In Consent Form has been sent to the class members, the Notice Administrator will send one reminder postcard (content and format of which to be agreed between the parties) to putative collective action members to confirm receipt of the Notice of Collective Action Lawsuit and Opt-In Consent Form. The Notice Administrator may also communicate with any Class member who contacts the Notice Administrator for additional information about this litigation. The Notice Administrator shall not provide the File to counsel for Plaintiffs.

5. The Notice Administrator shall provide the Opt-In Consent Forms to Plaintiffs' Counsel upon receipt of the Opt In Consent Form. Plaintiffs' Counsel will file received Opt-In Consent Forms with the Court as soon as practicable.

IT IS SO ORDERED.

Dated: 10/24/17

HON. RICHARD SEEBORG
UNITED STATES DISTRICT JUDGE

Firmwide:149904539.1 093427.1001
DRAFT 9/6/17

7.
STIPULATION AND [PROPOSED] FOR CONDITIONAL CERTIFICATION AS FLSA COLLECTIVE ACTION
*Harold Jones et al. v. CertifiedSafety, Inc.,* Case No. 3:17-cv-2229-RS