1
2
3
4

UNITED STATES DISTRICT COURT

5

NORTHERN DISTRICT OF CALIFORNIA

6

7   HAROLD JONES, et al.,                        Case No. 17-cv-02229-EMC

8              Plaintiffs,

9         v.                                     **ORDER RE SUPPLEMENTAL
                                                 BRIEFING AND/OR EVIDENCE**
10  CERTIFIEDSAFETY, INC.,                       Docket No. 206

11             Defendant.

12

13         The Court has reviewed Plaintiffs' motion for preliminary approval.  Based on that review,

14  it orders the parties to file supplemental briefing and/or evidence on the issues identified below.

15  The parties shall provide a joint submission to the Court.  Where fewer than all parties take a

16  position, the joint submission may reflect such.  The joint submission shall be filed by **December**

17  **19, 2019**.

18         1.     How did Plaintiffs arrive at the conclusion that the California PAGA claim was

19  worth approximately $6.8 million?  *See* Mot. at 12.

20         2.     Why does the California class include individuals who attended pre-employment

21  training?  Why do the classes for the other jurisdictions not include such individuals?  *See* Mot. at

22  13; Sett. Agmt. ¶ 2.46.

23         3.     Do the parties have a sense of how long checks will be maintained by each state's

24  Unclaimed Property Division (or other such similar agency)?  Did the parties discuss a cy pres

25  beneficiary as an alternative?

26         4.     Was any discovery, formal or informal, taken with respect to any refinery?  Was

27  any discovery, formal or informal, taken with respect to the alleged joint employer relationships

28  between CS and the various refineries?

5.      What is the estimated lodestar with respect to attorney's fees?  Plaintiffs shall also provide the Court with the underlying information used to calculate the lodestar – *i.e.*, the hourly rates and the number of attorney and/or nonattorney hours (estimates are acceptable).  In addition, Plaintiffs shall provide estimates as to many hours were spent on the major litigation tasks (*e.g.*, the complaint, motion work, discovery (formal and informal), settlement, etc.).

6.      The parties shall review the District's Procedural Guidance for Class Action Settlements, available at https://cand.uscourts.gov/forms/procedural-guidance-for-class-action-settlements/.  The parties shall provide all information required by the Procedural Guidance, not already included in their motion.

7.      With respect to the class/collective notices, the Court has the following comments.

*Form A.*

- Page 1.  The first paragraph in the notice should include an estimate as what a member will be paid if he/she participates.

- Page 2.  In Question 2, the text should clarify that a member who makes an objection is still a part of the class (not excluded).

- Page 3.  In Question 4, the text should include the specific dollar amounts for all deductions from the gross settlement fund, including but not limited to the attorney's fees and incentive awards.

- Page 3.  In Question 4, the definition of the California class does not refer to pre-employment training.

- Page 5.  In Question 6, should the member be told that cashing a settlement check will result in a release of both the state law claims and the FLSA claim, even if the member did not opt into the FLSA collective?  Or alternatively, should there be a reference to the text in Question 7 (where this information does appear)?

- Pages 9-10.  In Question 8, the text should clarify that a member who makes an objection is still a part of the class (not excluded) – thus, *e.g.*, if the Court rejects the objection, the member will still be issued a check.

*Form B.*

- Page 1. The first paragraph in the notice should include an estimate as what a member will be paid.

- Page 3. In Question 4, the text should include the specific dollar amounts for all deductions from the gross settlement fund, including but not limited to the attorney's fees and incentive awards.

- Page 4. In Question 5, more information should be provided about the weighting of settlement shares.

*Form C.*

- Page 1. The first paragraph in the notice should include an estimate as what a member will be paid.

- Page 2. In Question 2, the text should clarify that a member who makes an objection is still a part of the class (not excluded).

- Page 3. In Question 4, the text should include the specific dollar amounts for all deductions from the gross settlement fund, including but not limited to the attorney's fees and incentive awards.

- Page 4. In Question 4, the definition of the California class does not refer to pre-employment training.

- Pages 9-10. In Question 8, the text should clarify that a member who makes an objection is still a part of the class (not excluded) – thus, *e.g.*, if the Court rejects the objection, the member will still be issued a check.

**IT IS SO ORDERED**.

Dated: December 12, 2019

_____
EDWARD M. CHEN
United States District Judge