UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HAROLD JONES, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>CERTIFIEDSAFETY, INC.,<br><br>Defendant. | Case No. 17-cv-02229-EMC<br><br>**CONSOLIDATED WITH**<br>17-cv-03892-EMC (*Crummie*)<br><br>**RELATED TO**<br>18-cv-04379-EMC (*Ross*)<br>19-cv-01338-EMC (*Jones II*)<br>19-cv-01380-EMC (*Jones III*)<br>19-cv-01381-EMC (*Jones IV*)<br>19-cv-01427-EMC (*East*)<br>19-cv-01428-EMC (*Jones V*)<br><br>**ORDER CONDITIONALLY GRANTING PLAINTIFFS' MOTION FOR PRELIMINARY APPROVAL**<br><br>Docket No. 206 |

Currently pending before the Court is Plaintiffs' motion for preliminary approval of a class and collective action settlement. The Court held a hearing on the motion on January 8, 2020. This order memorializes the Court's oral rulings and provides additional analysis, as necessary.

Federal Rule of Civil Procedure 23(e) provides that "[t]he claims, issues, or defenses of a certified class – or a class proposed to be certified for purposes of settlement – may be settled, voluntarily dismissed, or compromised only with the court's approval." Fed. R. Civ. P. 23(e). In the instant case, because the proposed settlement "would bind class members, the court may approve it . . . only on finding that it is fair, reasonable, and adequate." Fed. R. Civ. P. 23(e). The Court has assessed the parties' proposed settlement, taking into account the factors identified in Rule 23(e), the factors identified by the Ninth Circuit, *see Hanlon v. Chrysler Corp.*, 150 F.3d

1011, 1026 (9th Cir. 1998), and this District's Procedural Guidance for Class Action Settlements. The Court finds that, with certain modifications to which the parties agreed, the proposed settlement is sufficiently fair, reasonable, and adequate. Plaintiffs undertook adequate discovery, both formal and informal, into the merits of their case prior to settling (*e.g.*, interviewing 240 putative class/collective members). Although the settlement fund represents only 13.3% of the maximum value of the case (as assessed by Plaintiffs[1]), that "discount" is reasonable given the not insignificant risk that a class/collective might not be certified. Defendants would likely argue against certification because of individualized issues – *e.g.*, based on the nature of the off-the-clock time being claimed and based on the various locations run by each oil refinery. Moreover, a substantial portion of damages, including liquidated damages and penalties, hinge on a finding of willfulness, a fact not easily proven.

The Court thus grants preliminary approval but on a conditional basis because (1) there are two modifications to the settlement to which the parties agreed and which need to be made and (2) there is a ministerial matter related to the class notice. With respect to modifications, the parties agreed that, in light of *Roes v. SFBSC Mgmt., LLC*, 944 F.3d 1035 (9th Cir. 2019), additional notice shall be given to class/collective members via text messaging.[2] Also, the parties agreed that, instead of having unclaimed checks be sent to each state's Unclaimed Property Division (or other similar such agency),[3] there shall first be a second distribution to the class/collective and then, if any funds remain, a distribution to a cy pres beneficiary. The parties' designation of a cy pres beneficiary must comport with the Ninth Circuit's guidelines in *Nachsin v. AOL, LLC*, 663 F.3d 1034 (9th Cir. 2011). As for the ministerial matter related to the class notice, for all three

---

[1] In assessing the maximum value of the case, Plaintiffs made at least one assumption that was slightly more favorable to the putative class/collective than supported by the evidence collected. More specifically, Plaintiffs assumed that individuals missed about 80% of their meal/rest periods when the evidence suggested on average a lower percentage – about 50 to 60%.

[2] The Court acknowledges that, at the hearing, CertifiedSafety stated that, although it had phone numbers for members, it did not know whether those numbers represented cell phone numbers or landline numbers. The settlement administrator, however, can still attempt to text the phone numbers and report back as to whether the texts were successfully delivered.

[3] The parties did not provide any concrete evidence as to how often individuals actually make claims on such divisions.

2

1 forms, the Court previously instructed that the first paragraph in the notice should include an
2 estimate as what a member will be paid if he/she participates. The parties made an edit in
3 response but not in the correct place. They made the edit in Question 1. However, the edit should
4 be in the very first paragraph in the notice (*i.e.*, the text in **BOLD ALLCAPS**).

    The parties shall file amended settlement documentation and class notices, *i.e.*, to reflect the above modifications and the ministerial matter, within a week of the date of this order. Thereafter, the Court shall issue an order giving final approval to the pending motion.

**IT IS SO ORDERED**.

Dated: January 13, 2020

_____
EDWARD M. CHEN
United States District Judge