1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| HAROLD JONES, et al., <br><br> Plaintiffs, <br><br> vs. <br><br> CERTIFIEDSAFETY, INC. <br><br> Defendants. | **Lead Case No. 3:17-cv-02229-EMC** <br> Consolidated with 3:17-cv-03892-EMC (*Crummie*) <br> Related to: 3:18-cv-04379-EMC (*Ross*) <br>                3:19-cv-01338-EMC (*Jones II*) <br>                3:19-cv-01380-EMC (*Jones III*) <br>                3:19-cv-01381-EMC (*Jones IV*) <br>                3:19-cv-01427-EMC (*East*) <br>                3:19-cv-01428-EMC (*Jones V*) <br><br> **ORDER AS MODIFIED GRANTING PLAINTIFFS' MOTION FOR PRELIMINARY APPROVAL OF CLASS AND COLLECTIVE ACTION SETTLEMENT** <br><br> Date: January 8, 2020 <br> Time: 11:00 a.m. <br> Courtroom: 5 (17th Floor) <br> Judge: Honorable Edward M. Chen <br><br><br> *Jones* Complaint filed: April 21, 2017 |

1   The Motion for Preliminary Approval of Class and Collective Action Settlement filed by

2   Harold Jones, Tierre Crummie, Genea Knight, Marcellous Ross, and Michael East, Plaintiffs in

3   these consolidated and related actions (the "Actions"), came on for hearing regularly in Courtroom

4   5 of the above captioned court, the Honorable Edward M. Chen presiding. Defendants in the

5   Actions do not oppose the motion.

6   In the operative complaints in the Actions, Plaintiffs allege that Defendants violated federal,

7   California, Washington, Minnesota, Illinois, Ohio, and Alaska wage and hour laws with respect to

8   current and former Safety Attendants and Safety Foremen who have worked for CertifiedSafety,

9   Inc. Throughout the relevant time period, Plaintiffs allege that Defendants committed violations as

10  to Plaintiffs and Class and Collective Members by: (1) not paying Class and Collective Members

11  proper minimum and overtime wages for work performed off-the-clock on a daily basis, as well as

12  uncompensated training days; (2) failing to provide Class and Collective Members with a

13  reasonable opportunity to take meal and rest periods, and failing to compensate Class and

14  Collective Members when such meal and rest periods are not taken; (3) failing to reimburse

15  necessarily-incurred expenses; and (4) failing to issue accurate, itemized wage statements. Plaintiffs

16  allege that, as joint employers, CertifiedSafety, Inc. and the refinery Defendants are jointly liable

17  for the violations at issue.

18  After written discovery, depositions, and extensive investigation by Plaintiffs' counsel, the

19  Parties entered into private mediation with respected neutral mediator Paul Grossman in an attempt

20  to resolve the claims. As a result of the mediation session on April 23, 2019, the Parties reached a

21  global settlement that resolves all of the claims in all of the Actions. The Parties then executed a

22  Stipulation of Class, Collective, and Representative Action Settlement on November 21, 2019.

23  A hearing was held before this Court on January 8, 2020 for the purpose of determining,

24  among other things, whether the proposed Settlement is within the range of possible approval, if

25  Notices of the Settlement to Members of the California, Washington, Minnesota, Illinois, Ohio, and

26  Alaska Classes and FLSA Opt In Plaintiffs are appropriate, and whether a formal fairness hearing,

27  also known as a final approval hearing, should be scheduled. Appearing at the hearing was

28  Schneider Wallace Cottrell Konecky Wotkyns LLP on behalf of Plaintiffs, the Collective, and

1  Putative Classes and Winston & Strawn LLP on behalf of CertifiedSafety, Inc.

2         At the hearing, the Court conditionally approved the Settlement provided that the Parties

3  incorporate text message notice to Class and Collective Members, in additional to mail and email

4  notice, and that the handling of uncashed check funds is modified so that any such funds are

5  redistributed to Class and Collective Members and/or sent to a *cy pres* recipient. *See* Order

6  Conditionally Granting Plaintiffs' Motion for Preliminary Approval (ECF 214). The Parties have

7  executed an Amendment to the settlement agreement (the "Amendment"), which was filed with the

8  Court on January 20, 2020 at ECF 215 (the Stipulation of Class, Collective, and Representative

9  Action Settlement and Amendment are referred to hereinafter as the "Settlement").

10        Having reviewed the papers and documents presented, having heard the statements of

11  counsel, and having considered the matter, the Court HEREBY ORDERS as follows:

12        1.      The Court hereby GRANTS preliminary approval of the terms and conditions

13  contained in the Settlement (ECF 206-2 and ECF 215), as to the California, Washington,

14  Minnesota, Illinois, Ohio, and Alaska Classes. The Court preliminarily finds that the terms of the

15  Settlement appear to be within the range of possible approval, pursuant to Federal Rule of Civil

16  Procedure 23 and applicable law.

17        2.      The Court finds on a preliminary basis that: (1) the settlement amount is fair and

18  reasonable to the California, Washington, Minnesota, Illinois, Ohio, and Alaska Class Members

19  when balanced against the probable outcome of further litigation relating to class certification,

20  liability and damages issues, and potential appeals; (2) significant discovery, investigation,

21  research, and litigation have been conducted such that counsel for the Parties at this time are able to

22  reasonably evaluate their respective positions; (3) settlement at this time will avoid substantial

23  costs, delay, and risks that would be presented by the further prosecution of the litigation; and (4)

24  the proposed Settlement has been reached as the result of intensive, serious, and non-collusive

25  negotiations between the Parties. Accordingly, the Court preliminarily finds that the Settlement was

26  entered into in good faith.

27        3.      The Court hereby GRANTS conditional certification of the provisional California,

28  Washington, Minnesota, Illinois, Ohio, and Alaska Classes, in accordance with the Settlement, for

ORDER GRANTING PLAINTIFFS' MOTION FOR PRELIMINARY APPROVAL OF CLASS AND COLLECTIVE
ACTION SETTLEMENT
*Jones, et al. v. CertifiedSafety, Inc.*; Lead Case No. 3:17-cv-02229-EMC

the purposes of this Settlement only. The California Class is defined as all current or former Safety Attendants and Safety Foremen employed by CertifiedSafety, or who attended pre-employment training conducted by CertifiedSafety, in the State of California at any time from April 21, 2013 to the date of Preliminary Approval. The Washington Class is defined as all current or former Safety Attendants and Safety Foremen employed by CertifiedSafety in the State of Washington at any time from April 21, 2014 to the date of Preliminary Approval. The Minnesota Class is defined as all current or former Safety Attendants and Safety Foremen employed by CertifiedSafety in the State of Minnesota at any time from March 12, 2016 to the date of Preliminary Approval. The Illinois Class is defined as all current or former Safety Attendants and Safety Foremen employed by CertifiedSafety in the State of Illinois at any time from March 14, 2016 to the date of Preliminary Approval. The Ohio Class is defined as all current or former Safety Attendants and Safety Foremen employed by CertifiedSafety in the State of Ohio at any time from April 23, 2016 to the date of Preliminary Approval. The Alaska Class is defined as all current or former Safety Attendants and Safety Foremen employed by CertifiedSafety in the State of Alaska at any time from April 23, 2016 to the date of Preliminary Approval.

4.    The Court hereby GRANTS Approval of the terms and conditions contained in the Settlement as to the Collective of Opt In Plaintiffs. The Court finds that the terms of the Settlement are within the range of possible approval, pursuant to the Fair Labor Standards Act and applicable law.

5.    The Court finds that: (1) the settlement amount is fair and reasonable to the Collective Members when balanced against the probable outcome of further litigation relating to class certification, liability and damages issues, and potential appeals; (2) significant discovery, investigation, research, and litigation have been conducted such that counsel for the Parties at this time are able to reasonably evaluate their respective positions; (3) settlement at this time will avoid substantial costs, delay, and risks that would be presented by the further prosecution of the litigation; and (4) the proposed Settlement has been reached as the result of intensive, serious, and non-collusive negotiations between the Parties. Accordingly, the Court finds that the Settlement was entered into in good faith.

ORDER GRANTING PLAINTIFFS' MOTION FOR PRELIMINARY APPROVAL OF CLASS AND COLLECTIVE ACTION SETTLEMENT
*Jones, et al. v. CertifiedSafety, Inc.*; Lead Case No. 3:17-cv-02229-EMC

6.    **[MODIFIED]** The Court hereby modifies its October 24, 2017 Order conditionally certifying the Collective.  *See* ECF 48.  The Collective is defined as "all current and former hourly, non-exempt Safety Attendants and Safety Foremen, of CertifiedSafety, Inc., in the United States, during the time period October 1, 2014 until the date of preliminary approval."

7.    The Court hereby authorizes the retention of Heffler Claims Group as Settlement Administrator for the purpose of the Settlement, with reasonable administration costs estimated not to exceed $66,000.00.

8.    The Court hereby conditionally appoints Schneider Wallace Cottrell Konecky Wotkyns LLP as Counsel for the Classes. The Court hereby conditionally appoints Plaintiffs Jones, Crummie, Ross, and East as Class Representatives for the California Class; Plaintiffs Jones and Knight as Class Representatives for the Washington Class; Plaintiff Jones as Class Representative for the Minnesota Class; Plaintiff Jones as Class Representative for the Illinois Class; Plaintiff Sandra Turner as Class Representative for the Ohio Class; and Plaintiff George Azevedo, Jr. as Class Representative for the Alaska Class.

9.    The Court hereby appoints Schneider Wallace Cottrell Konecky Wotkyns LLP as Counsel for the Collective. The Court hereby appoints Plaintiffs Jones, Crummie, Knight, Ross, East, Turner, and Azevedo as Collective representatives for the Collective.

10.    The Court hereby APPROVES the Notices of Settlement attached to the Amendment as **Exhibits A-C**. The Court finds that the Notices of Settlement, along with the related notification procedure contemplated by the Settlement, constitute the best notice practicable under the circumstances and are in full compliance with the applicable laws and the requirements of due process. The Court further finds that the Notices of Settlement appear to fully and accurately inform the Members of the California, Washington, Minnesota, Illinois, Ohio, and Alaska Classes of all material elements of the proposed Settlement, of their right to be excluded from the Settlement, and of their right and opportunity to object to the Settlement. The Court also finds that the Notices of Settlement appear to fully and accurately inform the Members of the Collective of all material elements of the proposed Settlement.

11.    The Court hereby authorizes dissemination of the Notices of Settlement to Members

of the California, Washington, Minnesota, Illinois, Ohio, and Alaska Classes and the Collective. Subject to the terms of the Settlement, the Notices of Settlement shall be mailed via first-class mail to the most recent known address of each Member of the Classes and the Collective within the timeframe specified in the Settlement, and sent via email to all such persons for whom CertifiedSafety, Inc. has an email address. The parties are authorized to make non-substantive changes to the proposed Notices of Settlement that are consistent with the terms of the Settlement and this Order.

12.     The Court hereby approves the Text Message Notice attached to the Amendment as **Exhibit D**. The Court hereby orders the Settlement Administrator to send the Text Message Notice to Members of the California, Washington, Minnesota, Illinois, Ohio, and Alaska Classes and the Collective via cellular telephone text message to the last known telephone numbers provided by CertifiedSafety, Inc., within the timeframe specified in the Settlement. The parties are authorized to make non-substantive changes to the proposed Text Message Notice that are consistent with the terms of the Settlement and this Order.

13.     The Court hereby APPROVES the proposed procedure for Members of the California, Washington, Minnesota, Illinois, Ohio, and Alaska Classes to request exclusion from the Rule 23 component Settlement, which is to submit a written statement requesting exclusion to the Settlement Administrator during the time period permitted under the Settlement. Any Members of the California, Washington, Minnesota, Illinois, Ohio, and Alaska Classes who submit a written exclusion shall not be a Member of those Classes, shall be barred from participating in the Rule 23 component of the Settlement, and shall receive no benefit from the Rule 23 component of the Settlement.

14.     The Court further PRELIMINARILY APPROVES Plaintiffs' counsel's request for attorneys' fees of up to 35% of the Gross Settlement Amount, or $2,100,000, plus their costs, not to exceed $70,000.

15.     The Court ORDERS that Plaintiffs' counsel shall file a motion for final approval of the Settlement, with the appropriate declarations and supporting evidence, including a declaration setting forth the identity of any Members of the California, Washington, Minnesota, Illinois, Ohio,

and Alaska Classes who request exclusion from the Settlement, at least 35 days before the Final Approval Hearing.

16.     The Court ORDERS that Plaintiffs' counsel shall file a motion for approval of the fee and cost award and of the service awards to the Class Representatives, with the appropriate declarations and supporting evidence, to be heard at the same time as the motion for final approval of the Settlement.

17.     The Court further ORDERS that each Member of the California, Washington, Minnesota, Illinois, Ohio, and Alaska Classes shall be given a full opportunity to object to the Rule 23 component of the proposed Settlement and request for attorneys' fees, and to participate at a Final Approval Hearing, which the Court sets to commence on May 28, 2020 at 1:30 p.m. in Courtroom 5 of the United States District Court, Northern District of California, San Francisco Division. Any Member of the Classes seeking to object to the proposed Settlement may file such objection in writing with the Court and shall serve such objection on Plaintiffs' counsel and CertifiedSafety, Inc.'s counsel.

18.     Accordingly, GOOD CAUSE APPEARING, the Court hereby APPROVES the proposed Notices of Settlement and adopts the following dates and deadlines:

| | |
|---|---|
| Date of preliminary approval of the Settlement as to Classes and approval of the Settlement as to the Collective | January 22, 2020 |
| Deadline for CertifiedSafety to provide Heffler Claims Group with the Class List | Within 14 days after the Court's preliminary approval of the Settlement |
| Deadline for Heffler Claims Group to mail and email the Notice of Settlement to Class Members, and to send the Text Message Notice to Class Members via text message | Within 14 days after Heffler Claims Group receives the Class List |
| Deadline for Rule 23 Class Members to postmark requests to opt-out or file objections to the Settlement | 60 days after Notices of Settlement are mailed |
| Deadline for Heffler Claims Group to provide all counsel with a report showing (i) the names of Rule 23 Class Members and Opt In Plaintiffs; (ii) the Individual Settlement Payments owed to each Rule 23 Class Member and Opt In Plaintiff; (iii) the final number of Rule 23 Class Members who have submitted objections or valid letters requesting exclusion from the Settlement; and | Within 10 business days after the opt out/objection deadline |

| (iv) the number of undeliverable Notices of Settlement. | |
|---|---|
| Deadline for filing of Final Approval Motion | At least 35 days before Final Approval Hearing |
| Deadline for Heffler Claims Group to provide the Court and all counsel for the Parties with a statement detailing the Settlement Administration Costs and its administration of the Notice of Settlement process | At least 10 days before Final Approval Hearing |
| Final Approval Hearing | May 28, 2020 at 1:30 P.M. |
| Effective Date | The latest of: (i) if no appeal is filed, the expiration date of the time for filing or noticing any appeal of the judgment (*i.e.*, 30 days from the entry of judgment); (ii) if there is an appeal of the Court's judgment, the date of dismissal of such appeal, or the expiration of the time to file a petition for writ of certiorari to the United States Supreme Court; or (iii) if a petition for writ of certiorari is filed, the date of denial of the petition for writ of certiorari, or the date the judgment is affirmed pursuant to such petition. |
| Deadline for Heffler Claims Group to calculate the employer share of taxes and provide CertifiedSafety with the total amount of CertifiedSafety's Payroll Taxes | Within 7 days after Effective Date |
| Deadline for CertifiedSafety to pay the Gross Settlement Amount into the Qualified Settlement Account | Within 14 days after Effective Date |
| Deadline for CertifiedSafety to deposit the amount of CertifiedSafety's Payroll Taxes | Within 14 days after Effective Date |
| Deadline for Heffler Claims Group to make payments under the Settlement to Participating Individuals, the LWDA, Class Representatives, Plaintiffs' counsel, and itself | Within 30 days after the Effective Date |
| Check-cashing deadline | 180 days after issuance |
| Deadline for Heffler Claims Group to report to counsel for all Parties the number of and amount of uncashed checks | 14 days after check-cashing deadline |
| Deadline for redistribution of uncashed check funds to those Class Members who cashed their Individual Settlement Payment checks, or transfer to the *cy pres* recipient | 21 days after report from Heffler Claims Group regarding uncashed checks |
| Deadline for Heffler Claims Group to provide written certification of completion of | As soon as practicable after redistribution of uncashed check funds to those Class Members who cashed their Individual |

| administration of the Settlement to counsel for all Parties and the Court | Settlement Payment checks, or transfer to the *cy pres* recipient |
|---|---|

19.     The Court further ORDERS that, pending further order of this Court, all proceedings in the Actions, except those contemplated herein and in the Settlement, are stayed, and all deadlines are vacated.

20.     If for any reason the Court does not execute and file a Final Approval Order and Judgment, the proposed Settlement subject to this Order and all evidence and proceedings had in connection with the Settlement shall be null and void.

21.     The Court may, for good cause, extend any of the deadlines set forth in this Order or adjourn or continue the final approval hearing without further notice to the Classes.

**IT IS SO ORDERED.**

Dated: January 22, 2020            _____
                                   HON. EDWARD M. CHEN
                                   United States District Judge,
                                   Northern District of California

ORDER GRANTING PLAINTIFFS' MOTION FOR PRELIMINARY APPROVAL OF CLASS AND COLLECTIVE ACTION SETTLEMENT
*Jones, et al. v. CertifiedSafety, Inc.*; Lead Case No. 3:17-cv-02229-EMC