1  Carolyn H. Cottrell (SBN 166977)
   David C. Leimbach (SBN 265409)
2  Michelle S. Lim (SBN 315691)
   Scott L. Gordon (SBN 319872)
3  SCHNEIDER WALLACE
   COTTRELL KONECKY LLP
4  2000 Powell Street, Suite 1400
   Emeryville, California 94608
5  Telephone: (415) 421-7100
   Facsimile: (415) 421-7105
6  ccottrell@schneiderwallace.com
   dleimbach@schneiderwallace.com
7  mlim@schneiderwallace.com
   sgordon@schneiderwallace.com
8
   *[Additional Counsel listed on next page]*
9
   Attorneys for Plaintiffs and the Settlement
10 Classes and Collective

11                  **UNITED STATES DISTRICT COURT**

12                 **NORTHERN DISTRICT OF CALIFORNIA**

13 HAROLD JONES, et al.,                 | **Lead Case No. 3:17-cv-02229-EMC**
                                          | Consolidated with 3:17-cv-03892-EMC (*Crummie*)
14              Plaintiffs,               | Related to: 3:18-cv-04379-EMC (*Ross*)
                                          |             3:19-cv-01338-EMC (*Jones II*)
15         vs.                            |             3:19-cv-01380-EMC (*Jones III*)
                                          |             3:19-cv-01381-EMC (*Jones IV*)
16 CERTIFIEDSAFETY, INC.                  |             3:19-cv-01427-EMC (*East*)
                                          |             3:19-cv-01428-EMC (*Jones V*)
17              Defendants.

18                                        | **PLAINTIFFS' NOTICE OF MOTION AND**
                                          | **MOTION FOR ATTORNEYS' FEES AND**
19                                        | **COSTS AND FOR SERVICE AWARDS**

20
                                          | Date: May 28, 2020
21                                        | Time: 1:30 p.m.
                                          | Courtroom: 5 (17th Floor)
22                                        | Judge: Honorable Edward M. Chen

23

24                                        | *Jones* Complaint filed: April 21, 2017

25

26

27

28

1  Edwin Aiwazian (SBN 232943)
   Arby Aiwazian (SBN 269827)
2  Jill J. Parker (SBN 274230)
   LAWYERS FOR JUSTICE, PC
3  410 West Arden Avenue, Suite 203
   Glendale, California 91203
4  Telephone: (818) 265-1020
   Facsimile: (818) 265-1021
5
6  Attorneys for Plaintiffs and the Settlement Classes and Collective

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1    TO THE HONORABLE COURT, ALL PARTIES, AND THEIR ATTORNEYS OF RECORD:

2            NOTICE IS HEREBY GIVEN that on May 28, 2020, at 1:30 p.m. in Courtroom 5 before

3    Hon. Edward M. Chen of the United States District Court, Northern District of California, Plaintiffs

4    Harold Jones, Tierre Crummie, Genea Knight, Sandra Turner, George Azevedo, Jr., Marcellous

5    Ross, and Michael East ("Plaintiffs") move the Court for an Order awarding Class Counsel

6    reasonable attorneys' fees of $2,000,000 plus reimbursement of actual out-of-pocket costs of

7    $60,397.73.

8            Plaintiffs also move for an Order granting service awards in the aggregate amount of

9    $75,000 for the seven Class Representatives – $15,000 for Plaintiffs Jones, Knight, and Crummie;

10   $10,000 for Plaintiffs Ross and East; and $5,000 for Plaintiffs Azevedo and Turner – to be paid out

11   of the Gross Settlement Amount in recognition of their considerable service to the Classes and

12   Collective.

13           Plaintiffs bring this Motion pursuant to Federal Rule of Civil Procedure 23(h) and 29 U.S.C.

14   § 216(b) of the Fair Labor Standards Act. This motion is based on the accompanying Memorandum

15   of Points and Authorities; the Declaration of Carolyn Hunt Cottrell and the exhibits attached

16   thereto; the Declaration of Edwin Aiwazian; the Declarations of Harold Jones, Tierre Crummie,

17   Genea Knight, Sandra Turner, George Azevedo, Jr., Marcellous Ross, and Michael East; such oral

18   argument as may be heard by the Court; and all other papers on file in this action.

19

20   Date: April 23, 2020                    Respectfully submitted,

21

22                                            */s/ Carolyn Hunt Cottrell*
                                             Carolyn Hunt Cottrell
23                                           David C. Leimbach
                                             Michelle S. Lim
24                                           Scott L. Gordon
                                             SCHNEIDER WALLACE
25                                           COTTRELL KONECKY LLP

26
                                             Attorneys for Plaintiffs and the Settlement Classes and
27                                           Collective

28

PLAINTIFFS' NOTICE OF MOTION AND MOTION FOR ATTORNEYS' FEES AND COSTS AND FOR SERVICE
AWARDS
*Jones, et al. v. CertifiedSafety, Inc.*; Lead Case No. 3:17-cv-02229-EMC

1

## **TABLE OF CONTENTS**

2

I. INTRODUCTION ............................................................................................. 1

3

II. OVERVIEW OF CLASS COUNSEL'S WORK ON THE ACTIONS ............................... 3

4

III. ARGUMENT ................................................................................................ 4

5

    A. Legal Standard for Fee Awards in Common Fund Cases in the Ninth Circuit ...... 4

6

    B. Class Counsel's Fee Request is Fair and Reasonable and Merits Upward
    Adjustment from the 25% Benchmark Under the *Vizcaino* Factors ...................... 5

7

        1. The Results Achieved by this Settlement Support the Request ................... 6

8

        2. The Risks of Litigating this Case Were Substantial ........................ 7

9

        3. Counsel Have Demonstrated Significant Skill Throughout the Litigation of
        this Matter and Have Extensive Background in this Field of Law ............... 9

10

        4. Counsel Incurred a Financial Burden in Litigating this Case on a
        Contingency Fee Basis ................................................ 10

11

        5. The Requested Fee Award is Equivalent to Awards in Similar Cases ........ 11

12

        6. The Reaction of the Class (or Lack Thereof) Supports the Fee Request ...... 11

13

        7. A Lodestar Cross-Check, if Applied, Supports Plaintiffs' Fee Request ....... 12

14

    C. Class Counsel's Costs Should be Approved ........................................... 12

15

    D. The Court Should Approve Service Awards to Named Plaintiffs ...................... 13

16

IV. CONCLUSION ............................................................................................. 16

17

18

19

20

21

22

23

24

25

26

27

28

# **TABLE OF AUTHORITIES**

**Federal Cases**

*Barnes v. The Equinox Group, Inc.*, No. C 10-3586 LB, 2013 WL 3988804 (N.D. Cal. 2013) .........6

*Bennett v. SimplexGrinnell LP*, No. 11 Civ. 01854, 2015 WL 12932332 (N.D. Cal. Sept. 3,
    2015) ...........................................................................................................................6, 11

*California v. eBay, Inc.*, No. 5:12-cv-05874-EJD, 2015 WL 5168666 (N.D. Cal. Sept. 3, 2015)......7

*Carlin v. DairyAmerica, Inc.*, 380 F. Supp. 3d 998 (E.D. Cal. 2019) ...........................................7, 10

*Cunha v. Hansen Nat. Corp.*, No. 08-1249-GW(JCx), 2015 WL 12697627 (C.D. Cal. Jan. 29,
    2015) ...........................................................................................................................12, 13

*Fleury v. Richemont N. Am., Inc.*, No. C-05-4525 EMC, 2009 WL 1010514 (N.D. Cal. Apr. 14,
    2009) .................................................................................................................................4

*Galeener v. Source Refrigeration & HVAC, Inc.*, No. 3:13-cv-04960-VC, 2015 WL 12977077
    (N.D. Cal. Aug. 21, 2015).........................................................................................6, 11

*Garner v. State Farm Mut. Auto. Ins. Co.*, No. CV 08 1365 CW, 2010 WL 1687829 (N.D. Cal.
    2010) .................................................................................................................................9

*Hanlon v. Chrysler Corp.*, 150 F.3d 1011 (9th Cir. 1998) .............................................................4, 5

*Hendricks v. Starkist Co*, No. 13-cv-00729-HSG, 2016 WL 5462423 (N.D. Cal. Sept. 29, 2016) ....4

*Hightower v. JPMorgan Chase Bank, N.A.*, No. CV 11-1802 PSG (PLAx), 2015 WL 9664959
    (C.D. Cal. 2015).....................................................................................................6, 8, 10

*In re AutoZone, Inc., Wage & Hour Employment Practices Litig.*, 289 F.R.D. 526 (N.D. Cal.
    2012) .................................................................................................................................8

*In re Capacitors Antitrust Litig.*, No. 3:17-md-02801-JD, 2018 WL 4790575 (N.D. Cal. Sept. 21,
    2018) .................................................................................................................................4

*In re Nuvelo, Inc. Sec. Litig.*, No. C 07-04056 CRB, 2011 WL 2650592 (N.D. Cal. July 6, 2011)....8

*In re Omnivision Technologies, Inc.*, 559 F. Supp. 2d 1036 (N.D. Cal. 2008)..................................6

*In re Pacific Enterprises Sec. Litig.*, 47 F. 3d 373 (9th Cir. 1995).................................................5

*Kanawi v. Bechtel Corp.*, No. C 06-05566 CRB, 2011 WL 782244 (N.D. Cal. Mar. 1, 2011) ..........8

*Millan v. Cascade Water Services, Inc.*, No. 1:12-cv-01821-AWI-EPG, 2016 WL 3077710 (E.D. Cal. June 2, 2016) ............................................................................................................... 15

*Nat'l Rural Telecomms. Coop. v. DIRECTV, Inc.*, 221 F.R.D. 523 (C.D. Cal. 2004) ...................... 11

*Oppenlander v. Standard Oil Co.*, 64 F.R.D. 597 (D. Colo. 1974) ...................................................... 7

*Parkinson v. Hyundai Motor Am.*, 796 F. Supp. 2d 1160 (C.D. Cal. 2010) ........................................ 4

*Powers v. Eichen*, 229 F.3d 1249 (9th Cir. 2000) .............................................................................. 5

*Reiter v. Sonotone Corp.*, 442 U.S. 330 (1979) ................................................................................ 10

*Rodriguez v. West Pub'g Corp.*, 563 F. 3d 948 (9th Cir. 2009) ........................................................ 13

*Romero v. Producers Dairy Foods, Inc.*, No. 1:05cv0484 DLB, 2007 WL 3492841 (E.D. Cal. 2007) ....................................................................................................................... 11

*Schaffer v. Litton Loan Servicing, LP*, No. CV 05-07673 MMM (JCx), 2012 WL 10274679 (C.D. Cal. Nov. 13, 2012); ..................................................................................... 15

*Six Mexican Workers v. Arizona Citrus Growers*, 904 F. 2d 1301 (9th Cir. 1990) ....................... 4, 6

*Soto, et al. v. O.C. Communications, Inc., et al.*, Case No. 3:17-cv-00251-VC, ECF 304, 305 (N.D. Cal. Oct. 23, 2019) ........................................................................................ 11, 14

*Staton v. Boeing Co.,* 327 F. 3d 938 (9th Cir. 2003) ............................................................... passim

*Stuart v. RadioShack Corp.*, No. C-07-4499 EMC, 2010 U.S. Dist. LEXIS 92067 (N.D. Cal. Aug. 9, 2010) ............................................................................................................. 5

*Swedish Hosp. Corp. v. Shalala*, 1 F. 3d 1261 (D.C. Cir. 1993) ........................................................ 5

*Vasquez v. Coast Valley Roofing*, 266 F.R.D. 482 (E.D. Cal. 2010) ................................................... 5

*Vizcaino v. Microsoft Corp.*, 290 F. 3d 1043 (9th Cir. 2002) ................................................... passim

*Wren v. RGIS Inventory Specialists*, No. C-06-05778 JCS, 2011 WL 1230826 (N.D. Cal. Apr. 1, 2011) ............................................................................................................. 6

*York v. Starbucks Corp.*, No. CV 08-07919 GAF PJWX, 2011 WL 8199987 (C.D. Cal. Nov. 23, 2011) ......................................................................................................... 8

*Zamora v. Lyft, Inc.*, No. 3:16-cv-02558-VC, 2018 WL 4657308 (N.D. Cal. Sept. 26, 2018) ................................................................................................................ 5, 11, 12

1

**State Cases**

2

*Laffitte v. Robert Half Intern. Inc.*, 1 Cal. 5th 480 (Cal. 2016) ....................................................4, 12

3

**Statutes**

4

29 U.S.C. § 216(b) ............................................................................................................... 12

5

Cal. Lab. Code § 1194 .......................................................................................................... 12

6

ORC 4111.10 ......................................................................................................................... 12

7

RCW 49.12.150 ..................................................................................................................... 12

8

RCW 49.52.070 ..................................................................................................................... 12

9

10

**Rules**

11

Fed. R. Civ. P. 23(h) ...............................................................................................................4

12

**Other Authorities**

13

Newberg and Conte, Newberg on Class Actions § 14.6 (4th ed. 2007) ........................................... 11

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

PLAINTIFFS' NOTICE OF MOTION AND MOTION FOR ATTORNEYS' FEES AND COSTS AND FOR SERVICE AWARDS
*Jones, et al. v. CertifiedSafety, Inc.*; Lead Case No. 3:17-cv-02229-EMC

## I.   INTRODUCTION

Class Counsel Schneider Wallace Cottrell Konecky LLP ("SWCK") and Lawyers for Justice, PC ("LFJPC") respectfully submit this application for an award of attorneys' fees and costs to compensate them for their extensive work over the past three years in achieving a $6,000,000 class and collective action settlement on behalf of current and former Safety Attendants and Safety Foremen for Defendant CertifiedSafety, Inc. ("Defendant" or "CertifiedSafety"). The $2,000,000 fee that Class Counsel request – one-third of the $6,000,000 Gross Settlement Amount – represents *less* than Class Counsel's current aggregate lodestar.[1] Plaintiffs also seek reimbursement of $60,397.73 in costs, all of which were reasonable and necessary to reach this result for the Classes and Collective. Class Counsel additionally seek approval of Class Representative Service Payments for the Named Plaintiffs who represent the Rule 23 Class Members and Opt In Plaintiffs in the Actions.

On January 22, 2020, the Court granted preliminary approval of the Settlement[2] of this wage and hour, hybrid state law class and collective action under Rule 23 of the Federal Rules of Civil Procedure and the Fair Labor Standards Act ("FLSA"). *See* ECF 216. The Settlement provides excellent monetary payments for the Class Members in the Actions.[3] In particular, the average Individual Settlement Payment for each of the 2,481 Class Members is approximately $1,514.35 per Class Member—an exceptional amount considering that the typical Class Member worked a relatively short tenure.[4] Sixty-eight Class Members will receive in excess of $10,000.00, six Class Members will receive over $20,000, and the largest recovery is an impressive $26,205.20. Class Members are paid $40.97 for each FLSA-Only Workweek under the Settlement. When Workweek weightings are applied, Class Members are paid, *inter alia*, twice that ($81.94) for each Washington

---

[1] The Settlement Agreement sets aside 35% of the Gross Settlement Amount, or $2,100,000, for attorneys' fees. The estimated Individual Settlement Payments provided in the Notices of Settlement are based on a 35% award. With a one-third award, the Net Settlement Amount will increase and the differential will be distributed to the Class Members.

[2] The "Settlement" or Settlement Agreement" refers to the Stipulation of Class, Collective, and Representative Action Settlement, as amended, filed at ECF 206-2 (Amendment filed at ECF 215-2).

[3] Plaintiffs and members of the Classes and Collective are referred to hereafter as "Class Members" or "Safety Attendants" for ease of reading.

[4] This amount divides the *net* recovery by the total number of discrete Class Members.

Workweek, and three times that ($122.91) for each California Workweek.[5] Thus, the Settlement provides well over $1,000 to a Class Member with just nine Workweeks in California.

This excellent result did not come without extensive effort, skill and substantial risk. From the start, Defendant put up a staunch defense. Class Counsel successfully opposed an early motion to dismiss, then negotiated a stipulation to conditional certification. When the third-party notice administrator failed to properly disseminate notice, Class Counsel swiftly took action to protect Collective members, including motion practice for an additional round of notice and longer opt-in period. When the Court ruled that many would-be opt-in Plaintiffs would not be able to participate in this case, Class Counsel filed a separate proceeding in order to ensure their rights would be protected and pursued. Through Class Counsel's tireless work, Class Counsel determined not only that CertifiedSafety's oil refinery clients were properly viewed as jointly culpable for the wage and hour violations at issue, but that the state law claims for virtually all Collective members were implicated. Class Counsel sought all appropriate amendments, and to the extent the Court did not permit these amendments, Class Counsel persisted, filing separate lawsuits across the country to ensure the rights of all Class and Collective members were fully pursued and protected. Following two mediations, Class Counsel obtained a substantial six-million-dollar settlement for Class and Collective members.

Class Counsel's request for a one-third fee award is within the typical range of attorneys' fees awarded in this Circuit. The skill, effort, and excellent result merit an upward adjustment from the 25% "benchmark" under the factors established for determining fee awards. In addition to representing a *negative* multiplier of Class Counsel's aggregate lodestar, the requested fee is reasonable compensation for the exceptional Settlement that Class Counsel achieved with its work. The three years of intensive litigation have included: four amended complaints, the filing of companion lawsuits, a crucial Rule 30(b)(6) deposition, three depositions of Named Plaintiffs, hundreds of hours of interviews with Opt In Plaintiffs, two separate mediations and arms'-length negotiations, and a complex and intricate Settlement Agreement which the Court preliminarily

---

[5] The majority of the Workweeks covered by the Settlement are California Workweeks. The weighting factors recognize that the stronger wage and hour laws of certain states would result in enhanced recoveries compared to states with no wage and hour protections beyond the FLSA.

1  approved. The requested fee is reasonable compensation for this work.

2          Finally, Class Counsel seeks the Court's approval of service awards of a total of $75,000 for

3  the seven Class Representatives[6] – $15,000 for Plaintiffs Jones, Knight, and Crummie; $10,000 for

4  Plaintiffs Ross and East; and $5,000 for Plaintiffs Azevedo and Turner, as contemplated by the

5  Settlement Agreement. For the reasons set forth below, the Court should award the proposed service

6  award for each of these individuals as fair and reasonable compensation for their efforts in bringing

7  and prosecuting this matter for the benefit of the Classes and Collective.

8          **II.  OVERVIEW OF CLASS COUNSEL'S WORK ON THE ACTIONS**

9          In the three years since the first Complaint was filed in the Actions, Class Counsel has devoted

10  over 3,466 hours to the prosecution of the Actions, with a combined lodestar amount of $2,328,546.

11  *See* Cottrell Decl. ¶ 8; Aiwazian Decl. ¶ 10. Class Counsel vigorously litigated the Actions, engaging

12  in intensive outreach and motion practice to effectively prosecute the Class and Collective claims,

13  while also demonstrating willingness to participate in good-faith attempts to settle the Actions.[7] Class

14  Counsel's efforts culminated in the Settlement, which provides significant monetary benefits for the

15  Safety Attendants.

16          The extensive procedural history of these Actions was well documented in Plaintiffs'

17  November 22, 2019 Motion for Preliminary Approval of Class and Collective Action Settlement

18  ("Preliminary Approval Motion"). *See* ECF 206. The Preliminary Approval Motion and attached

19  Declarations by Class Counsel detail the events that transpired in this Action from the time Plaintiff

20  Harold Jones filed the initial Collective and Class Action Complaint on April 21, 2017 through the

21  filing of that motion on November 22, 2019. Since that time, Class Counsel submitted supplemental

22  briefing and evidence in support of the Settlement and reached an Amendment to address issues

23  identified by the Court. *See* ECF 211, 215. The Court preliminarily approved the Settlement on

24  January 22, 2020 (ECF 216), and the Parties have proceeded with notice administration. Pursuant to

25  the U.S. District Court for the Northern District of California Procedural Guidance for Class Action

26  [6] The "Named Plaintiffs" are Harold Jones, Tierre Crummie, Genea Knight, Sandra Turner, George
27  Azevedo, Jr., Marcellous Ross, and Michael East. They are sometimes referred to herein as "Class
   Representatives." *See* Settlement Agreement ¶ 2.13. "Named Plaintiffs" and "Class Representatives"
   are used interchangeably herein.
28  [7] A summary of Class Counsel's work to date is provided in the accompanying Cottrell Decl. at ¶¶
   10-26.

PLAINTIFFS' NOTICE OF MOTION AND MOTION FOR ATTORNEYS' FEES AND COSTS AND FOR SERVICE
AWARDS
*Jones, et al. v. CertifiedSafety, Inc.*; Lead Case No. 3:17-cv-02229-EMC

Settlements, the full procedural history and background facts are set forth in Plaintiffs' accompanying

Motion for Final Approval of Class and Collective Action Settlement.

### III. ARGUMENT

#### A.  Legal Standard for Fee Awards in Common Fund Cases in the Ninth Circuit

In a class action settlement, the court may award reasonable attorneys' fees and nontaxable

costs that are authorized by law or by the parties' agreement. Fed. R. Civ. P. 23(h). Courts have the

power to award reasonable attorneys' fees and costs where, as here, a litigant proceeding in a

representative capacity secures a "substantial benefit" for a class of persons. *See e.g.*, *Hendricks v.*

*Starkist Co*, No. 13-cv-00729-HSG, 2016 WL 5462423, *10 (N.D. Cal. Sept. 29, 2016). *Staton v.*

*Boeing Co.,* 327 F. 3d 938, 967 (9th Cir. 2003). The two methods for determining reasonable fees in

the class action settlement context are the "percentage of recovery" method and the "lodestar

method." *Parkinson v. Hyundai Motor Am.*, 796 F. Supp. 2d 1160, 1170 (C.D. Cal. 2010); *Hanlon v.*

*Chrysler Corp.*, 150 F.3d 1011, 1029 (9th Cir. 1998).

The California Supreme Court has endorsed the use of the percentage method of awarding

attorneys' fee where a class action suit results in a common fund for the class, citing the method's

relative ease of calculation, alignment of incentives between counsel and the class, a better

approximation of market conditions in a contingency case, and the encouragement it provides counsel

to seek an early settlement and avoid unnecessarily prolonging the litigation. *Laffitte v. Robert Half*

*Intern. Inc.*, 1 Cal. 5th 480, 503 (Cal. 2016) (approving attorneys' fee award in wage and hour case

in the amount of one-third of gross settlement). Similarly, "[u]nder Washington law, the percentage

of-recovery approach is used in calculating fees in common fund cases." *Vizcaino v. Microsoft Corp.*,

290 F. 3d 1043, 1047 (9th Cir. 2002) (citation omitted). The majority of Ninth Circuit and other

federal courts are in accord. *See Six Mexican Workers v. Arizona Citrus Growers*, 904 F. 2d 1301,

1311 (9th Cir. 1990) (common fund fee is generally "calculated as a percentage of the recovery").[8]

---

[8] *See also In re Capacitors Antitrust Litig.*, No. 3:17-md-02801-JD, 2018 WL 4790575, at *2 (N.D. Cal. Sept. 21, 2018) ("Indeed, the percentage of the fund method is *preferred* when counsel's efforts have created a common fund for the benefit of the class.") (collecting cases); *Fleury v. Richemont N. Am., Inc.*, No. C-05-4525 EMC, 2009 WL 1010514, *3 (N.D. Cal. Apr. 14, 2009) ("Contingent fees that may far exceed the market value of the services if rendered on a non-contingent basis are accepted in the legal profession as a legitimate way of assuring competent representation for Plaintiff who could not afford to pay on an hourly basis regardless whether they win or lose… [i]f this 'bonus'

PLAINTIFFS' NOTICE OF MOTION AND MOTION FOR ATTORNEYS' FEES AND COSTS AND FOR SERVICE AWARDS
*Jones, et al. v. CertifiedSafety, Inc.*; Lead Case No. 3:17-cv-02229-EMC

1  Accordingly, the Court should employ the percentage of recovery method in this case and award

2  Class Counsel their requested fee of one-third of the Gross Settlement Fund.

3  **B.  Class Counsel's Fee Request is Fair and Reasonable and Merits Upward Adjustment from the 25% Benchmark Under the *Vizcaino* Factors**

4  "The typical range of acceptable attorneys' fees in the Ninth Circuit is 20% to 33 1/3% of the

5  total settlement value, with 25% considered the benchmark." *Vasquez v. Coast Valley Roofing*, 266

6  F.R.D. 482, 491-492 (E.D. Cal. 2010) (granting 33.3% fee award and collecting cases) (citing *Powers*

7  *v. Eichen*, 229 F.3d 1249, 1256 (9th Cir. 2000)); *Hanlon v. Chrysler Corp.*, 150 F. 3d 1011, 1029 (9th

8  Cir. 1998); *Staton*, 327 at 952). However, the exact percentage varies depending on the facts of the

9  case, and in "most common fund cases, the award exceeds that benchmark." *Vasquez*, 266 F.R.D. at

10  491-492 (citations omitted); *In re Pacific Enterprises Sec. Litig.*, 47 F. 3d 373, 379 (9th Cir. 1995)

11  (affirming award of 33% of $12 million common fund).

12  This Court and other courts have customarily approved payments of attorneys' fees amounting

13  to one-third of the common fund, including in comparable wage and hour class actions, and this Court

14  has described a one-third fee as "well within the range of percentages which courts have upheld as

15  reasonable in other class action lawsuits." *Stuart v. RadioShack Corp.*, No. C-07-4499 EMC, 2010

16  U.S. Dist. LEXIS 92067, at *18 (N.D. Cal. Aug. 9, 2010) (Chen, J.); *see also Zamora v. Lyft, Inc.*,

17  No. 3:16-cv-02558-VC, 2018 WL 4657308, at * 3 (N.D. Cal. Sept. 26, 2018) (one-third award is

18  "consistent with the Ninth Circuit authority and the practice in this District."). In *Zamora*, Judge

19  Chhabria noted that that "[t]he Ninth Circuit benchmark for megafund class action settlements of

20  $50-200 million of 25% is to be adjusted upward or downward based on the size of the fund made

21  available and in light of the lodestar cross-check." 2018 WL 4657308, at * 3. The Court further noted

22  that the settlement fund of $1.95 million was "well below the megafund range" and that "[i]n this

23  District, fee awards of approximately 33 1/3% are typical for settlements up to $10 million." *Id.* at *3

24  (citing *Galeener v. Source Refrigeration & HVAC, Inc.*, No. 3:13-cv-04960-VC, 2015 WL 12977077,

25

26

27  methodology did not exist, very few lawyers could take on the representation of a class client given the investment of substantial time, effort, and money, especially in light of the risks of recovering nothing") (internal citation omitted); *Swedish Hosp. Corp. v. Shalala*, 1 F. 3d 1261, 1271 (D.C. Cir.

28  1993) ("a percentage of the fund method is the appropriate mechanism for determining the attorney fees award in common fund cases.").

1    at *4 (N.D. Cal. Aug. 21, 2015) (33 1/3% fee of $10 million fund) and *Bennett v. SimplexGrinnell*

2    *LP*, No. 11 Civ. 01854, 2015 WL 12932332, at *6 (N.D. Cal. Sept. 3, 2015) (38.8% of $4.9 million

3    fund)).[9]

4          The Ninth Circuit instructs that "[t]he 25% benchmark, though a starting point for analysis,

5    may be inappropriate in some cases." *Vizcaino*, 290 F. 3d at 1047; *Six Mexican Workers*, 904 F. 2d

6    at 1311 (the "benchmark percentage should be adjusted, or replaced by a lodestar calculation, when

7    special circumstances indicate that the percentage recovery would be either too small or too large in

8    light of the hours devoted to the case or other relevant factors."). The choice of "the benchmark or

9    any other rate must be supported by findings that take into account all of the circumstances of the

10   case." *Vizcaino,* 290 F. 3d at 1048. The Ninth Circuit has identified a number of factors that may be

11   relevant in determining whether the requested fee is "reasonable" under the "circumstances of the

12   case:" (1) the results achieved; (2) the risk of litigation; (3) the skill required and the quality of work;

13   (4) the contingent nature of the fee and the financial burden carried by the Plaintiff; and (5) awards

14   made in similar cases. *Vizcaino*, 290 F. 3d at 1048-1050 (the "*Vizcaino* factors"). *See Hightower v.*

15   *JPMorgan Chase Bank, N.A.*, No. CV 11-1802 PSG (PLAx), 2015 WL 9664959, *11 (C.D. Cal.

16   2015) (citing *Vizcaino*, 290 F.3d at 1048-50). Other courts have additionally considered (6) reactions

17   from the class; and, in its discretion, (7) a lodestar cross-check. *See Barnes v. The Equinox Group,*

18   *Inc.*, No. C 10-3586 LB, 2013 WL 3988804, *4 (N.D. Cal. 2013).

19          Here, application of the *Vizcaino* factors supports the requested fee award.

20                    **1.  The Results Achieved by this Settlement Support the Request**

21          "The overall result and benefit to the class from the litigation is the most crucial factor in

22   granting a fee award." *In re Omnivision Technologies, Inc.*, 559 F. Supp. 2d 1036, 1046 (N.D. Cal.

23   2008). Here, the Settlement preliminarily approved by the Court resolves the claims of the Class

24

25   [9] In *Galeener*, this Court cited the observation of Chief Judge Wilken that a fee award of 30% "is
     only modestly more than the Ninth Circuit's 25% 'benchmark' percentage" and "[i]n light of the
     many cases in this circuit that have granted fee awards of 30% or more" it is "well within the usual

26   range of percentages awarded." *Galeener*, 2015 WL 12977077, at *1 (citing *Vedachalam v. Tata
     Consultancy Servs. Ltd.,* No. 06 Civ. 963, 2013 WL 3941319, at *2 (N.D. Cal. July 18, 2013)

27   (collecting cases)); *see also Wren v. RGIS Inventory Specialists*, No. C-06-05778 JCS, 2011 WL
     1230826, at *29 (N.D. Cal. Apr. 1, 2011) (approving attorneys' fee award of just under 42% of

28   common fund); *Big Lots Overtime Cases*, JCC Proceeding No. 4283 (San Bernardino Super. Ct. Feb.
     4, 2004) (approving 33% fee award).

1   Members for a total non-reversionary settlement of $6,000,000. Cottrell Decl. ¶ 28. The Settlement
2   provides excellent recoveries—$1,514.35 per Class Member, on average, an exceptional amount
3   considering that the typical Class Member worked a relatively short tenure. Sixty-eight Class
4   Members will receive in excess of $10,000.00, six Class Members will receive over $20,000, and the
5   largest recovery is an impressive $26,205.20. *Id*. Settlement Class Members will receive their awards
6   without the need to file claims forms. *Id*. The negotiated non-reversionary Gross Settlement Amount
7   of $6,000,000 represents more than 53% of the approximately $11.3 million that Plaintiffs calculated
8   for the core unpaid wages claims. *Id*.

9        The highly favorable terms achieved by Class Counsel's skill and perseverance favor upward
10  departure from the benchmark and support Class Counsel's request for a one-third award. *See Carlin*
11  *v. DairyAmerica, Inc.*, 380 F. Supp. 3d 998, 1022 (E.D. Cal. 2019) (settlement which recovered
12  approximately 48% of estimated damages and provided that all funds would go to claimants with no
13  reversion was "exceptional result" weighing in favor of higher-than-benchmark award of 33.3%, or
14  $13.3 million, especially since award was less than lodestar).

15       Courts have also recognized the benefits to class members of receiving payments sooner
16  rather than later, where litigation could extend for years on end, thus significantly delaying any
17  payments to class members. *See California v. eBay, Inc.*, No. 5:12-cv-05874-EJD, 2015 WL
18  5168666, *4 (N.D. Cal. Sept. 3, 2015) ("Since a negotiated resolution provides for a certain recovery
19  in the face of uncertainty in litigation, this factor weighs in favor of settlement"); *Oppenlander v.*
20  *Standard Oil Co.*, 64 F.R.D. 597, 624 (D. Colo. 1974) ("It has been held proper to take the bird in
21  hand instead of a prospective flock in the bush."). Thus, this *Vizcaino* factor supports the
22  reasonableness of the 33.33% attorneys' fee award.

23                       **2.   The Risks of Litigating this Case Were Substantial**
24       "Risk is a relevant circumstance." *Carlin* 380 F. Supp. 3d at , 1020 (citing *Vizcaino*, 290 F.
25  3d at 1048 and awarding 33 1/3% fee). There are many risks inherent in litigating a class action: class
26  certification, decertification, a decision on the merits, potential appeals, and inability to collect a
27  judgment are all issues that can result in no recovery whatsoever to class members or class counsel.

28

1  Courts routinely find that this factor supports a fee request above the benchmark.[10]

2         In this litigation, the Parties engaged in a series of actions against numerous Defendants,

3  voluminous and costly motion practice, and two separate mediations facilitated by experienced

4  mediators, which enabled Class Counsel (as well as Defendant) to accurately assess the legal and

5  factual issues – and related risks – that would arise if the case proceeded to trial. Recovery of the

6  damages and penalties at trial would require complete success and certification of all of Plaintiffs'

7  claims, an uncertain feat in light of developments in wage and hour and class and collective action

8  law as well as the legal and factual grounds that Defendants have asserted to defend this action.

9  Cottrell Decl. ¶ 30. In order to fully protect the rights of all Class and Collective members, Class

10  Counsel was required to file lawsuits all over the country, against multi-billion dollar energy

11  corporations with limitless resources to defend these proceedings.

12         While Plaintiffs are confident in their ability to certify and successfully litigate the alleged

13  claims on the merits, Plaintiffs assert no less than six putative Rule 23 Classes, along with a FLSA

14  Collective. Off-the-clock claims are difficult to certify for class treatment, given that the nature,

15  cause, and amount of the off-the-clock work may vary based on the individualized circumstances of

16  the worker. *See, e.g., In re AutoZone, Inc., Wage & Hour Employment Practices Litig.*, 289 F.R.D.

17  526, 539 (N.D. Cal. 2012), aff'd, No. 17-17533, 2019 WL 4898684 (9th Cir. Oct. 4, 2019); *Kilbourne*

18  *v. Coca-Cola Co.*, No. 14CV984-MMA BGS, 2015 WL 5117080, at *14 (S.D. Cal. July 29, 2015);

19  *York v. Starbucks Corp.*, No. CV 08-07919 GAF PJWX, 2011 WL 8199987, at *30 (C.D. Cal. Nov.

20  23, 2011).

21         Moreover, Plaintiffs considered the risk that the Court would, in the end, decline to find the

22  refinery Defendants liable as joint employers. Cottrell Decl. ¶ 32. Though CertifiedSafety would still

23

---

24  [10] *Hightower v. JPMorgan Chase Bank, N.A.*, No. CV 11-1802 PSG (PLAx), 2015 WL 9664959, *11
   (C.D. Cal. 2015) (approving 30% fee request in part because "the risk of no recovery for Plaintiff, as
25  well as for Class Counsel, if they continued to litigate, were very real"); *In re Nuvelo, Inc. Sec. Litig.*,
   No. C 07-04056 CRB, 2011 WL 2650592, *2 (N.D. Cal. July 6, 2011) (approving 30% fee request
26  and noting that "[i]t is an established practice to reward attorneys who assume representation on a
   contingent basis with an enhanced fee to compensate them for the risk that they might be paid nothing
27  at all"); *Kanawi v. Bechtel Corp.*, No. C 06-05566 CRB, 2011 WL 782244, *2 (N.D. Cal. Mar. 1,
   2011) (approving 30% fee request and reasoning "[s]uch a practice encourages the legal profession
28  to assume such a risk and promotes competent representation for Plaintiffs who could not otherwise
   hire an attorney").

be liable in the event of a favorable outcome for Plaintiffs, a finding that the refinery Defendants are joint employers would ensure that the Class Members would be able to obtain full recovery, particularly in the event of a large award. *Id.* Though Plaintiffs have filed pleadings alleging claims of liability against refinery Defendants on a joint employer basis, the issue would be heavily contested at summary judgment and/or trial(s). *Id.* If refinery Defendants are found not to be a joint employer, the value of the case would be lessened.

Plaintiffs, Class Members, and their counsel faced all of these risks, and others, many of which could have resulted in no recovery. Class Counsel's perseverance in pursing the litigation for three years, and their commitment to developing the employees' claims and maximizing the Class and Collective recovery in the face of these risks, warrant an increase in the benchmark to one-third of the total recovery.

### 3. Counsel Have Demonstrated Significant Skill Throughout the Litigation of this Matter and Have Extensive Background in this Field of Law

Prosecuting class actions requires an "extraordinary commitment of time, resources, and energy from Class Counsel," and many times, settlements "simply [are not] possible but for the commitment and skill of Class Counsel." *Garner v. State Farm Mut. Auto. Ins. Co.*, No. CV 08 1365 CW, 2010 WL 1687829, at *2 (N.D. Cal. 2010). As described above, Class Counsel took on this case despite its complexity and risks, diligently prosecuted the case, and negotiated a substantial recovery. This factor also supports Class Counsel's fee request.

Class Members have been represented by highly experienced counsel who focus on wage and hour class actions. Cottrell Decl. ¶¶ 5-7. SWCK has been recognized as a leading Plaintiffs' firm nationally for their work on behalf of employees in wage and hour litigation. Cottrell Decl. ¶ 5. The Settlement involves complex provisions of the FLSA, the California Labor Code, and the wage and hour laws of numerous other states where Safety Attendants worked, and is a reflection of Class Counsel's experience and skill.[11] Accordingly, Class Counsel's expertise and skill in this area of law, coupled with their willingness to take on risky cases, justify the fee request.

---

[11] *See Schroeder v. Envoy Air, Inc.*, No. CV 16-4911-MWF (KSx), 2019 WL 2000578, at *7 (C.D. Cal. May 6, 2019) (awarding 33% fee, finding that counsel "exercised considerable skill" in litigating

### 4.   Counsel Incurred a Financial Burden in Litigating this Case on a Contingency Fee Basis

The contingent nature of the fee considers "the burdens class counsel experienced while litigating the case (*e.g.,* cost, duration, foregoing other work)" and weigh in favor of granting the requested fee award. *Carlin,* 380 F. Supp. 3d at 1021. Here, Class Counsel undertook all the risk of this litigation on a completely contingent fee basis, expending time and incurring expenses with the understanding that there was no guarantee of compensation or reimbursement. The contingent nature of litigating a class action and the financial burden assumed typically justifies an increase from the 25% benchmark, as counsel litigates with no payment and no guarantee that the time or money expended will result in any recovery.[12]

Substantial fee awards encourage attorneys to take on risky cases on behalf of clients who cannot pay hourly rates and would therefore not otherwise have realistic access to courts. That access is particularly important for the effective enforcement of public protection statutes, such as the wage laws at issue here. *See Reiter v. Sonotone Corp.*, 442 U.S. 330, 344 (1979) ("private suits provide a significant supplement to the limited resources available to [government enforcement agencies] for enforcing [public protection] laws and deterring violations."). By incentivizing plaintiff's attorneys to take on risky, high-stakes, and important litigation, and devote themselves to it aggressively and fully, fee awards serve an important purpose and extend the access of top legal talent to constituencies such as low-wage workers who would otherwise never be able to confront employers, who are themselves represented by top-rated attorneys.

In this case, although the risks were front and center, Plaintiffs and Class Counsel committed themselves to developing and pressing Plaintiffs' legal claims to enforce the employees' rights and maximize the class and collective recovery. During the litigation, Class Counsel had to turn away other less risky cases to remain sufficiently resourced for this one. *See* Cottrell Decl. ¶ 34.

---

various motions, and engaging in substantial discovery, and "did so against experienced, highly skilled opposing counsel and on an entirely contingent basis.").

[12] *See Hightower v. JPMorgan Chase Bank, N.A.*, No. CV 11-1802 PSG (PLAx), 2015 WL 9664959, at *10 (C.D. Cal. 2015) ("any law firm undertaking representation of a large number of affected employees in wage and hour actions inevitably must be prepared to make a tremendous investment of time, energy, and resources with the very real possibility of an unsuccessful outcome and no fee recovery of any kind.") (internal quotations omitted) (*citing Vizcaino*, 290 F.3d at 1051).

1   Accordingly, a one-third recovery for fees is appropriate.

2           **5.   The Requested Fee Award is Equivalent to Awards in Similar Cases**

3           As discussed above, many, if not most, fee awards in class settlements of common fund cases

4   in this Circuit *exceed* the 25% benchmark. The same holds true for fee awards in common fund

5   settlements of wage and hour class and collective actions. *See, e.g., Romero v. Producers Dairy*

6   *Foods, Inc.*, No. 1:05cv0484 DLB, 2007 WL 3492841, *4 (E.D. Cal. 2007) (in wage and hour action,

7   stating "fee awards in class actions average around one-third of the recovery" and awarding fees in

8   that amount) (citing 4 Newberg and Conte, Newberg on Class Actions § 14.6 (4th ed. 2007)).[13] These

9   similar cases further support Plaintiffs' request. In *Soto, et al. v. O.C. Communications, Inc., et al.*,

10  Case No. 3:17-cv-00251-VC, ECF 304, 305 (N.D. Cal. Oct. 23, 2019), Judge Chhabria recently

11  awarded SWCK a one-third fee award for a $7.5 million settlement in a hybrid FLSA/Rule 23 wage

12  and hour class and collective action. Judge Chhabria noted that the one-third award was "justified

13  under the common fund doctrine, the range of awards ordered in this District and Circuit, the excellent

14  results obtained, the substantial risk borne by Class Counsel in litigating this matter, the high degree

15  of skill and quality of work performed, the financial burden imposed by the contingency basis of

16  Class Counsel' representation of Plaintiffs and the Classes and Collective, and the additional work

17  required of Class Counsel to bring this Settlement to conclusion." *Id*. (ECF 305)

18          **6.   The Reaction of the Class (or Lack Thereof) Supports the Fee Request**

19          "It is established that the absence of a large number of objections to a proposed class action

20  settlement raises a strong presumption that the terms of a proposed class settlement action are

21  favorable to the class members." *Nat'l Rural Telecomms. Coop. v. DIRECTV, Inc.*, 221 F.R.D. 523,

22  528-29 (C.D. Cal. 2004). Here, Notices of Settlement were sent via regular mail, electronic mail,

23  and text message to 2,481 Class Members on February 19, 2020. Cottrell Decl. ¶ 35. The notice

24

25  _____

26  [13] *See also Zamora v. Lyft, Inc.*, No. 3:16-cv-02558-VC, 2018 WL 4657308, at * 3 (N.D. Cal. Sept 26, 2018) (noting that the settlement fund of $1.95 million was "well below the megafund range" and

27  that "[i]n this District, fee awards of approximately 33 1/3% are typical for settlements up to $10 million.") (citing *Galeener v. Source Refrigeration & HVAC, Inc.*, No. 3:13-cv-04960-VC, 2015 WL 12977077, at *4 (N.D. Cal. Aug. 21, 2015) (33 1/3% fee; $10 million fund) and *Bennett v.*

28  *SimplexGrinnell LP*, No. 11 Civ. 01854, 2015 WL 12932332, at *6 (N.D. Cal. Sept. 3, 2015) (38.8%; $4.9 million fund.)).

period ended on April 20, 2020. Not one Class Member has objected to the settlement, and not one Class Member has requested exclusion. *Id.* The lack of objections by Class Members to the Settlement or the fee provision demonstrates the Class's approval of the result in this case and further bolsters counsel's reasonable request for fees.[14]

### 7. A Lodestar Cross-Check, if Applied, Supports Plaintiffs' Fee Request

Both federal and California courts have the discretion to employ (or decline to employ) a "lodestar cross-check" on a request for a percentage of the fund fee award. However, as both the Ninth Circuit in *Vizcaino*, and the California Supreme Court in *Laffitte*, have made clear that this cross-check is not required.[15] While Plaintiffs submit that a cross-check is not necessary in this case, even if the Court were to employ one, the cross-check more than supports the requested fees here. Class Counsel's accompanying declarations provide a summary of the lodestar, time and hourly rates, as well as descriptions of the nature of work performed. *See* Cottrell Decl. ¶¶ 36-37, 39-41; Aiwazian Decl. ¶¶ 10-11. Class Counsel has spent a collective 3,466 hours litigating this case, for a current lodestar of $2,328,546, not including all the work remaining to bring the Settlement to a close. *See* Cottrell Decl. ¶ 36. This amount *exceeds* the requested fee, resulting in a 0.859 multiplier, further supporting this request. *See Zamora*, 2018 WL 4657308, at *3 (finding that "lodestar multiplier of 0.86x strongly supports the 33 1/3% fee award").

### C. Class Counsel's Costs Should be Approved

In addition to being entitled to reasonable attorneys' fees, the FLSA and state wage and hour laws provide for the reimbursement of costs. *See, e.g.,* 29 U.S.C. § 216(b); Cal. Lab. Code § 1194; RCW 49.12.150; RCW 49.52.070; ORC 4111.10; *see also Cunha*, 2015 WL 12697627, *5 ("[A] private plaintiff, or [its] attorney, whose efforts create, discover, increase or preserve a fund to which

---

[14] *See Cunha v. Hansen Nat. Corp.*, No. 08-1249-GW(JCx), 2015 WL 12697627, at *7 (C.D. Cal. Jan. 29, 2015) ("[N]ot a single class member has objected to the settlement and/or fee/expense application. This dearth of opposition perhaps speaks most loudly in favor of approving the fee and expense requests.").

[15] *Vizcaino*, 290 F. 3d at 1050 & n. 5 (noting that while "primary basis of the fee award remains the percentage method," lodestar "may" be useful, but that it is "merely a cross check" and "it is widely recognized that the lodestar method creates incentives for counsel to expend more hours than may be necessary on litigating a case"); *Laffitte*, 1 Cal. 5th at 505. *See Lopez v. Youngblood*, No. cv-F-07-0474 DLB, 2011 WL 10483569, at *14 (E.D. Cal. Sept. 2, 2011) ("A lodestar cross check is not required in this circuit , and in a case such as this, is not a useful reference point").

PLAINTIFFS' NOTICE OF MOTION AND MOTION FOR ATTORNEYS' FEES AND COSTS AND FOR SERVICE AWARDS
*Jones, et al. v. CertifiedSafety, Inc.*; Lead Case No. 3:17-cv-02229-EMC

others also have a claim is entitled to recover from the fund the costs of [its] litigation . . . .").

Here, Class Counsel's current costs total $60,397.73. Cottrell Decl. ¶ 56. Class Counsel's costs include reasonable out-of-pocket expenditures. Under the "common fund doctrine," "attorneys may recover their reasonable expenses that would typically be billed to paying clients in non contingency matters." *Cunha*, 2015 WL 12697627, *5.

The expenses incurred in this litigation to date are described in the accompanying declarations of the law firms involved in this litigation. *See* Cottrell Decl. ¶¶ 53-55; Aiwazian Decl. ¶ 18. These expenses are of the type typically billed by attorneys to paying clients in the marketplace and include such costs as mediation fees, court costs, notice costs, copying and printing costs, travel expenses, and computerized research. *See id*. These costs are routinely found to be reasonable and awarded reimbursement by courts in the Ninth Circuit. *See, e.g.*, *In re Immune Response Securities Litig.*, 497 F. Supp. 2d 1166, 1177 (S.D. Cal. 2007) (awarding reimbursement for expenses for meals, hotels, and transportation; photocopies; telephone; filing fees; messenger and overnight delivery; online legal research; and mediation fees, which it found to be "reasonable and necessary").

All of these expenses were reasonable and necessary for the successful prosecution of the Actions, and pursuant to the terms of the Settlement, Defendant does not object to the request for costs. Further, no Class Member has objected to the request for costs. Cottrell Decl. ¶ 55. Class Counsel therefore requests reimbursement of costs in the amount of $60,397.73.

### D.  The Court Should Approve Service Awards to Named Plaintiffs

"[N]amed Plaintiffs ….are eligible for reasonable incentive payments." *See Staton v. Boeing Co.*, 327 F. 3d 938, 977 (9th Cir. 2003). The purpose of such awards is "to compensate class representatives for work done on behalf of the class [and] make up for financial or reputational risk undertaken in bringing the action…" *Rodriguez v. West Pul'g Corp.*, 563 F. 3d 948, 958-59 (9th Cir. 2009). Here, subject to the Court's approval, the enhancement payments of up to $15,000 for Plaintiffs Jones, Knight, and Crummie; $10,000 for Plaintiffs Ross and East; and $5,000 for Plaintiffs Azevedo and Turner are intended to compensate these Plaintiffs for the critical roles they played in this litigation, and the time, effort, and risks undertaken in helping secure the result obtained on behalf

of the Class Members.[16] Cottrell Decl. ¶ 38. Defendant does not oppose the requested payments to the Plaintiffs as reasonable service awards. *See* Settlement Agreement ¶ 4.3.

The amounts of these service awards are fair when compared to the payments approved in similar cases by courts in this District.[17] In evaluating the appropriateness of service awards, courts may consider "relevant factors includ[ing] the actions the plaintiff has taken to protect the interests of the class, the degree to which the class has benefitted from those actions….the amount of time and effort the plaintiff expended in pursuing the litigation… and reasonabl[e] fear[s of] workplace retaliation." *Staton*, 327 F. 3d at 977 (citation omitted).

Here, each Class Representative has expended substantial time assisting in the prosecution of the claims, including putting their names on the caption of complaints as Named Plaintiffs. Each spent considerable time providing information to counsel, assisting in the drafting of pleadings and other documents, and regularly discussing the facts and proceedings with Class Counsel.[18] Plaintiffs Jones, Knight, and Crummie devoted the most time to the case, and therefore are deserving of the largest service awards. Each has been in the litigation since the beginning, remaining actively involved through two mediations and numerous amendments to the pleadings.[19] Plaintiffs Jones, Knight, and Crummie also sat for depositions, which involved significant expenditures of their time for travel, preparation, the deposition itself, and review of the transcript.[20] Plaintiffs Ross and East became Named Plaintiffs after these proceedings were underway, while Plaintiffs Turner and Azevedo became Named Plaintiffs more recently. The differing amounts of the service awards recognize the differing levels of contributions of the seven Named Plaintiffs.

---

[16] Moreover, Plaintiffs have agreed to a general release, unlike other Class Members. *See* Settlement Agreement ¶ 4.21.

[17] *See, e.g., Soto, et al. v. O.C. Communications, Inc., et al.*, Case No. 3:17-cv-00251-VC, ECF 304, 305 (N.D. Cal. Oct. 23, 2019) (approving $15,000 and $10,000 service awards in hybrid FLSA/Rule 23 wage and hour action); *Guilbaud v Sprint/United Management Co., Inc.*, No. 3:13-cv-04357-VC, ECF No. 181 (N.D. Cal. Apr. 15, 2016) (approving $10,000 service payments for each class representative in FLSA and California state law representative wage and hour action); *Villalpando v. Exel Direct, Inc.*, No. 3:12-cv-04137-JCS, 2016 WL 7785852, at *2 (N.D. Cal. Dec. 9, 2016) (approving $15,000 service awards to each of three class representatives).

[18] Jones Decl. ¶¶ 12-13, 18-20; Knight Decl. ¶¶ 10, 14-15; Crummie Decl. ¶¶ 2-3; Ross Decl. ¶¶ 9, 13-14; East Decl. ¶¶ 9, 13-14; Turner Decl. ¶¶ 10, 13-15; Azevedo Decl. ¶¶ 10, 13-15.

[19] Mr. Jones has also served as the Named Plaintiff in four lawsuits against CertifiedSafety.

[20] Jones Decl. ¶¶ 14-15; Knight Decl. ¶¶ 16-17; Crummie Decl. ¶ 5.

PLAINTIFFS' NOTICE OF MOTION AND MOTION FOR ATTORNEYS' FEES AND COSTS AND FOR SERVICE AWARDS
*Jones, et al. v. CertifiedSafety, Inc.*; Lead Case No. 3:17-cv-02229-EMC

1    The requested Service Awards are reasonable in light of the significant reputational risk each

2 Class Representative took by publicly affiliating themselves with litigation against their employer.[21]

3 Notwithstanding these risks, each Class Representative has remained in the case and seen it through

4 to its excellent outcome, while agreeing to a general release of all claims. This substantial sacrifice

5 supports the service awards sought here. *See Schaffer v. Litton Loan Servicing, LP*, No. CV 05-07673

6 MMM (JCx), 2012 WL 10274679, at *18 (C.D. Cal. Nov. 13, 2012); *Millan v. Cascade Water*

7 *Services, Inc.*, No. 1:12-cv-01821-AWI-EPG, 2016 WL 3077710, at *12 (E.D. Cal. June 2, 2016)

8 (reasoning that service awards "are particularly appropriate in wage-and-hour actions where plaintiffs

9 undertake a significant 'reputational risk' by bringing suit against their present or former

10 employers.").

11    Further, perseverance in pursuing litigation on behalf of a class over the course of a lengthy

12 period of time supports the approval of reasonable service awards. "When litigation has been

13 protracted, an incentive award is especially appropriate." *In re Toys R Us*, 295 F.R.D. at 471; *Trujillo*

14 *v. City of Ontario*, No. EDCV 04-1015-VAP (SGLx), 2009 WL 2632723, at *1, *5 (C.D. Cal. Aug.

15 24, 2009). Here, the litigation has been protracted. Each of these Class Representatives was prepared

16 to persevere through further litigation and trial if the Settlement had not been reached. The "duration"

factor weighs in favor of the requested service awards.

17    In addition, in evaluating proposed service awards, courts compare the overall settlement

18 benefits and the range of recovery available to the class members to the representative plaintiffs'

19 proposed service awards.[22] Here, the $75,000 aggregate amount of the proposed service awards is

20 quite modest in comparison to the overall benefits of the settlement and recovery to the class,

21 representing 1.25% of the total funds that the Defendant will expend to settle this lawsuit. The modest

22 amount of these requested service awards in relation to the excellent settlement amount weighs in

23 favor of their appropriateness. The Notices advised of the service awards, and no Class Members

24 objected. Therefore, the proposed service awards should be finally approved.

25

26 [21] Jones Decl. ¶¶ 10, 28-29; Knight Decl. ¶¶ 12, 27; Ross Decl. ¶¶ 11, 23; East Decl. ¶¶ 11, 22; Turner Decl. ¶¶ 12, 23; Azevedo Decl. ¶¶ 12, 23.

27 [22] *See, e.g., Staton*, 327 F.3d at 976-77; *Alberto v. GMRI, Inc.*, 252 F.R.D. 652, 669 (E.D. Cal. 2008). The purpose of the inquiry is to ensure that the service awards have not compromised the ability of

28 the representative plaintiffs to act in the best interest of the class. *Radcliffe v. Experian Info. Solutions, Inc.*, 715 F.3d 1157, 1163 (9th Cir. 2013).

PLAINTIFFS' NOTICE OF MOTION AND MOTION FOR ATTORNEYS' FEES AND COSTS AND FOR SERVICE AWARDS
*Jones, et al. v. CertifiedSafety, Inc.*; Lead Case No. 3:17-cv-02229-EMC

1

## IV.   CONCLUSION

2          For the foregoing reasons, Plaintiffs respectfully request that the Court grant this Motion.

3

4

5   Date: April 23, 2020                          Respectfully submitted,

6

7                                                 */s/ Carolyn Hunt Cottrell*
                                                  Carolyn Hunt Cottrell
8                                                 David C. Leimbach
                                                  Michelle S. Lim
9                                                 Scott L. Gordon
                                                  SCHNEIDER WALLACE
10                                                COTTRELL KONECKY LLP

11
                                                  Attorneys for Plaintiffs and the Settlement Classes and
12                                                Collective

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

PLAINTIFFS' NOTICE OF MOTION AND MOTION FOR ATTORNEYS' FEES AND COSTS AND FOR SERVICE
AWARDS
*Jones, et al. v. CertifiedSafety, Inc.*; Lead Case No. 3:17-cv-02229-EMC

1

## **CERTIFICATE OF SERVICE**

2       I hereby certify that I electronically filed the foregoing document with the Clerk of the Court

3 for the United States District Court, Northern District of California, by using the Court's CM/ECF

4 system on April 23, 2020.

5       I certify that all participants in the case are registered CM/ECF users and that service will be

6 accomplished by the Court's CM/ECF system.

7 Dated: April 23, 2020                    /s/ *Carolyn Hunt Cottrell*

8                                   Carolyn Hunt Cottrell

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

PLAINTIFFS' NOTICE OF MOTION AND MOTION FOR ATTORNEYS' FEES AND COSTS AND FOR SERVICE AWARDS
*Jones, et al. v. CertifiedSafety, Inc.*; Lead Case No. 3:17-cv-02229-EMC